## STATE vs. ERNEST THOMAS.

**1. RAPE—FORCE AN ESSENTIAL ELEMENT.**

Rape is the carnal knowledge of a woman by force against her will, and, while force, actual or constructive, is indispensable, the force may be either actual or presumptive.

**2. RAPE—BURDEN OF PROVING FORCE ON STATE.**

On proof of carnal penetration of a female over the age of consent, the burden is on the state to prove beyond a reasonable doubt that the penetration was accomplished by force.

**3. RAPE—FORCE IS IMPLIED, WHERE ACT NOT CONSENTED TO.**

Where the penetration is against the woman's consent, force is implied by law.

**4. RAPE—PROOF OF EMISSION UNNECESSARY.**

In a prosecution for rape, proof of penetration is sufficient, and proof of emission is unnecessary.

**5. CRIMINAL LAW—JURY MAY RECOMMEND MERCY.**

Under 29 *Del. Laws, c.* 266, and 26 *Del. Laws, c.* 270, relating to recommendation for mercy in capital cases and in rape cases, the jury, when convinced that mercy should be shown, may recommend mercy in a rape case, though the recommendation should be made only in a proper case.

(*September* 27, 1920)

PENNEWILL, C. J., CONRAD AND HEISEL, J. J., sitting.

*David J. Reinhardt*, Atty.-Gen., *P. Warren Green* and *Frank L. Speakman*, Deputy Attys.-Gen., for the State.

*George N. Davis* for accused.

Court of Oyer and Terminer for New Castle County, September Term, 1920.

INDICTMENT No. 99, September Term, 1920.

Ernest Thomas was indicted for rape. Verdict guilty.

The state introduced evidence to show that on July 22, 1920, about an hour after sunrise, accused appeared outside the kitchen door of the rural New Castle county home of T., the prosecuting witness, a married woman 58 years of age, who at the time was alone, her husband having gone to work; that accused first asked T. if she could give him any work, and she directed him to a neighbor who could give him work; that accused, however, did not depart, but continued to lean up against the side of the door on

Statement.

the outside, T. being just inside the door; that accused then inquired of T. where her husband worked and was given the information; that he then asked for a piece of bread; that T. said:

"Yes, I will give you a piece of bread. That is all I have cooked. I have not cooked my breakfast yet, but I will give you a piece of bread, for it is awful to be hungry."

That when T. turned to go to the cupboard, the accused came up behind her and with his arms over her shoulder seized her from the rear by the throat and choked her until she was unconscious; that about an hour afterwards, when she regained consciousness, she found herself lying, in a naked condition, upon a bed which was at one side of the kitchen; that a pair of drawers, which had been hanging on the head of the bed was tied around her mouth as a gag; that her forehead was bleeding, her breasts were bruised, finger marks were on her throat, one of her teeth was loose, her hands were tied together with a piece of gingham apron string, seminal fluid was running from her sexual organ, and accused had disappeared; that about 10.30 of the same morning accused was brought to her by an officer and identified by her; that at the time of the commission of the crime he wore rubber-soled sneakers and a pair of light-colored work trousers, while at the time of identification he had on tan leather shoes and blue trousers; that between the time of the commission of the crime and the time of his arrest he was seen by a farmer, at a distance of about four miles from the home of T., taking off the sneakers and work trousers and putting on the tan leather shoes and blue trousers; that after his arrest, while on his way to jail in the custody of two officers, he broke down and made a complete confession of his guilt, asking how soon he would be hanged; that the tan leather shoes and blue trousers had been stolen by accused from the home, in another part of New Castle county, of a man with whom he had recently been living, and from which home he had disappeared the day before the commission of the crime alleged.

Counsel for accused offered no evidence, but asked the jury to attach to their verdict a recommendation to mercy, in order that, under the statute, the court might, if it seemed proper to do so, impose the sentence of life imprisonment instead of death.

Conrad, J. (charging the jury).  The indictment in this case charges that Ernest Thomas, the accused, on the 22d day of July of this year, in Blackbird hundred, in this county, violently and feloniously did make an assault upon one, Emma Talley, and her, the said Emma Talley, did violently, forcibly, and against her will, feloniously ravish and carnally know.

[1, 4]  The offense charged is that which is commonly known as rape.  Rape in this state has been held to be the carnal knowledge of a woman by force and against her will.  Force, either actual or presumptive, is, in legal contemplation, an indispensable element of rape.  Upon proof of carnal penetration of a female of the age of consent, that is, of seven years of age or more, the burden is upon the state to prove to the satisfaction of the jury, beyond a reasonable doubt, that the penetration was consummated by force and against the will of the prosecuting witness, or by putting her in fear and terror, before a conviction can be had. When the fact appears that sexual connection has been had against the consent of the woman, the law implies force.

It is the law of this state that, in prosecutions for rape, it is not necessary to prove the actual emissio seminis, in order to constitute a carnal knowledge.  The carnal knowledge is deemed complete upon proof of an actual penetravit.  But while it is not necessary under the law for the state to prove more than an actual penetravit, and while the slightest penetration is sufficient, yet it must be shown beyond a reasonable doubt that there was an actual penetration, at least proof of some degree of entrance of the male organ within the private parts of the female.  And it must be also proved to the satisfaction of the jury beyond a reasonable doubt that such penetration was made without the consent of the female.

If you believe from the evidence in this case beyond a reasonable doubt that accused did have sexual intercourse with the prosecuting witness, and that such intercourse was had by force and against her will, your verdict should be guilty.

[5]  We feel it our duty to call to your attention two statutes respecting the jury's recommendation of an accused to the mercy

of the court. One statute applies to any defendant tried for a capital offense. There is another statute, almost identical in language, which applies specifically to a defendant tried for rape. We will read for your instruction both of these statutes, and wish you to listen very attentively.

The statute which applies to any defendant tried for a capital offense is found in volume 29, *Laws of Delaware, chapter 266, page 856*, approved March 15, A. D. 1917, and is as follows:

"That in all cases where the penalty for crime prescribed by the laws of the state of Delaware is death, if the jury shall, at the time of rendering their verdict, recommend the defendant to the mercy of the court, the court may, if it seems proper to do so, impose the sentence of life imprisonment instead of death."

The statute which applies specifically to a defendant tried for rape is found in volume 26, *Laws of Delaware, chapter 270, page 733, amending chapter 127, Rev. Code 1893 (Code 1915, §* 4706), and is as follows:

"Whoever shall commit the crime of rape or who shall carnally know and abuse a female child under the age of seven years, shall be deemed guilty of felony and shall suffer death; provided, however, that if the jury, at the time of rendering their verdict, shall recommend the defendant to mercy, the Court may, if it seems proper to do so, impose the sentence of life imprisonment instead of death."

You will note that the two are similar so far as the duty of the jury is concerned, and when reasonably construed mean that where the jury are satisfied of the prisoner's guilt they may recommend him to the mercy of the court when the evidence convinces them that mercy ought to be shown the prisoner. They do not mean that there should be a recommendation in every case. If there is nothing shown in the case that appeals to the jury in the prisoner's behalf and convinces them that he is entitled to mercy, there should be no recommendation.

Verdict, guilty.