**Clifton W. MILLER, Defendant Below, Appellant,**

**v.**

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

July 26, 1967.

Carl Schnee, Asst. Public Defender, Wilmington, for appellant.

Jerome O. Herlihy, Deputy Atty. Gen., Wilmington, for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

The prisoner, appellant, was indicted for the crime of rape. The indictment was as follows:

"The Grand Jury charges Clifton W. Miller with the following offense, a felony:

"Rape in violation of Title 11, Section 781, Delaware Code of 1953.

"Clifton W. Miller on the 4th day of April, 1966 in the County of New Castle, had carnal knowledge of Margaret Taylor without her consent."

The prisoner having been convicted and sentenced to life imprisonment, now appeals, attacking the sufficiency of the indictment[1] and the correctness of the trial judge's instructions upon his sole defense of alibi.

The basis of the prisoner's attack upon the indictment is that the indictment is fatally defective in that it has failed to allege a necessary element of the crime of rape, i. e., the use of force. Hence, it is said his conviction must be set aside.

██ The use of force, or its equivalent, in the consummation of a rape is, of course, an essential element of the crime. Wilson v. State, 10 Terry 37, 109 A.2d 381. Furthermore, it is essential to a valid prosecution for a crime that it be based on an indictment which sets forth the constituent elements of the crime with which the prisoner is charged. 4 Wharton's Criminal Law and Procedure, § 1760. This proposition is fundamental.

The question is, does this indictment allege the essential elements of the crime of rape? We think it does.

██ To be sure, there is no specific allegation of the use of force by the prisoner to commit rape upon Margaret Taylor, but the indictment does allege that the rape was committed without her consent. With some exceptions, the authorities are uniform to the effect that if a rape is perpetrated upon a woman "without her consent" the use of force is necessarily implied. 2 Burdick, Law of Crime, § 481. Delaware is committed to this view. Wilson v. State, supra; State v. Thomas, 1 W.W.Harr. 102, 111 A. 538.

1. Prior to trial, the prisoner had moved for a dismissal of the indictment under Criminal Rule 12(b)(2), Del.C.Ann., which motion was denied.

■ We are of the opinion that the indictment was sufficient to charge a crime and inform the prisoner of the charge against him.[2]

Secondly, the prisoner urges error in the charge of the trial judge with respect to his defense of alibi. The contested instruction was in the following language:

"Now the defense in this case is what in law is known as an alibi. The defense of alibi is a defense recognized and a good defense. The defendant contends that he was somewhere other than at the place that the crime is alleged to have been committed when it is alleged to have been committed. If the defendant's evidence on this point raises in your mind a reasonable doubt as to his guilt, you must give him the benefit of that doubt and return a verdict of not guilty."

The prisoner, citing Halko v. State, 4 Storey 180, 175 A.2d 42, argues that the instruction is deficient in that it did not tell the jury that if it, after considering the evidence with respect to alibi, together with all the other evidence, had a reasonable doubt as to guilt of the prisoner, an aquittal should be returned.

■ The *Halko* case holds as the prisoner contends, but the given instruction does not violate the rule. It must be considered with another portion of the charge instructing the jury to consider all the evidence, and that the State must prove all the elements of the crime beyond a reasonable doubt. Under the circumstances, we think the jury was instructed that a reasonable doubt as to guilt may arise from the evidence as a whole, and was not limited to the defense of alibi.

We find no error and, accordingly, the conviction is affirmed.

2. As a *caveat*, we point out that it is preferable to state the essential elements of a crime in the indictment, and not leave them to implication.