David ALLISON, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

June 12, 1970.

Richard A. Paul, Asst. Public Defender, Wilmington, for appellant.

Francis A. Reardon, State Prosecutor, Wilmington, for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

PER CURIAM:

This is an appeal from a conviction of rape without a recommendation of mercy by a jury under 11 Del.C. § 781. The appeal charges that the State failed to prove all essential elements of the crime of rape.

The victim testified that on December 4, 1968, she parked her car in front of her house on Lombard Street in Wilmington. The appellant came up behind her, put a knife to her throat and forced her into an alley nearby. In the alley her belt was taken from her; her clothing was torn, and her slacks pulled down, and she was forced to submit to sexual intercourse, during which both of the individuals concerned remained standing. Following this, the victim invited her assailant into her house where she entertained him with television. She managed to slip away and call the police. Upon the arrival of the police, the appellant took flight but was apprehended.

At the trial, the appellant admits having had sexual intercourse with the victim, but asserts that it was done without force and not against her will.

The facts were presented to the jury for its determination and it found the appellant guilty, and made no recommendation of mercy.

Rape is sexual intercourse with a woman by force and against her will. State v. Thomas, 1 W.W.Harr. 102, 111 A. 538. It is essential that the State prove penetration in order to prove the commission of the crime of rape. State v. Dill, 3 Terry 533, 40 A.2d 443.

The element of force was proven by the victim's testimony of being forced into the alley at knifepoint. The element of penetration was specifically testified to by the victim, and by the admission of the appellant of the act of sexual intercourse.

Appellant seeks to have us substitute our judgment on this evidence for that of the jury and this we may not do. Hutchins v. State, 2 Storey 98, 153 A.2d 204.

Admittedly, the State's evidence is somewhat weak, but it nevertheless was accepted by the jury. However, under the circumstances, if the appellant has a remedy against the life sentence he has received for this crime, it lies with the Board of Pardons and not with this Court.

The conviction below is affirmed.