Clinton JACKSON and Gus T. Tramill, Defendants below, Appellants,

v.

STATE of Delaware, Plaintiff below, Appellee.

Supreme Court of Delaware.

Submitted Jan. 10, 1977.

Decided May 9, 1977.

Edward C. Pankowski, Jr., Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Richard W. Pell, Wilmington, for defendant Jackson.

Arlen B. Mekler, Asst. Public Defender, Wilmington, for defendant Tramill.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

Defendants were convicted of robbery in the first degree [11 *Del. C.* § 832]; possession of a deadly weapon during the commission of a felony [11 *Del.C.* § 1447]; and conspiracy in the second degree. On appeal, they contend that the Trial Judge's failure to instruct the jury on the defense of alibi was prejudicial error. We agree.

I.

The convictions in this case stem from the robbery of a Wilmington supermarket. At trial, the defendants' sole defense was that of alibi; their claim of not being within the State at the time of the offense was corroborated by the testimony of a friend of one of the defendants.

In charging the jury, the Trial Judge gave no specific instruction on alibi. Objecting to this omission, defense counsel requested that such instruction be given; * that request was denied.

* The requested instruction, patterned upon the one adopted by the Committee to Redraft the Criminal Code of Delaware, was as follows:

"A defense in this case is what in law is known as an alibi. The defense is a recognized defense under our law. The defendant contends that he was somewhere other than at the place the crime is alleged to have been committed when it is alleged to have been committed. If the evidence on this point raises in your mind a reasonable doubt as to the defendant's guilt, you must give him the benefit of that doubt and return a verdict of not guilty."

## II.

This Court has repeatedly held that alibi is not an affirmative defense; that a charge which places the burden upon the accused to prove an alibi to the jury's satisfaction is improper. See, e. g., *Rogers v. State,* Del.Supr., 343 A.2d 608 (1975); *Miller v. State,* Del.Supr., 233 A.2d 164 (1967); *Halko v. State,* Del.Supr., 4 Storey 180, 175 A.2d 42 (1961).

While the instant case involves an omitted rather than an erroneous instruction on alibi, the evil to be avoided is the same: the jury must not be left free to assume that the defendant bears the burden of proving alibi. There must be an explanation of the context within which evidence of alibi must be evaluated; to that end, the jury must be made aware that:

"[S]ince an alibi is only a denial of any connection with the crime, it must follow that if the proof adduced raises a reasonable doubt of the defendant's guilt, either by itself or in conjunction with all other facts in the case, the defendant must be acquitted."

*Halko v. State, supra,* at 49.

There was sufficient evidence in this case to justify a charge on alibi. It was prejudicial error to deny the substance of the request. Accordingly, a reversal is required.

## III.

A matter which might have been essential to the disposition of this case, if reversal were not otherwise impelled, was the situation which arose involving the relationship of one of the jurors to a Deputy Attorney General. A motion for a new trial, based upon that relationship, was denied by the Trial Judge. We take the occasion to comment upon the matter.

Prior to the selection of the jury, the juror was aware that he was the uncle of a Deputy Attorney General; yet, despite specific voir dire questioning as to whether any panel member was related to any of the attorneys or their associates, the juror failed to disclose that kinship. Moreover, two additional factors were subsequently discovered: (1) that the juror had seen his nephew at the courthouse often during his jury duty; and (2) that a jury information card, used by the Attorney General's office, contained a notation acknowledging the relationship. In addition to denying the involvement of the related Deputy in any aspect of the defendants' prosecution, the State maintains that the prosecutor in the case had no recollection of the notation or prior knowledge of the uncle-nephew relationship.

The right of a defendant to a fair trial by a panel of impartial jurors is basic to our system of justice. *Goodyear v. State,* Del.Supr., 348 A.2d 174 (1975). Primary among the requisite safeguards for a fair and impartial jury is a defendant's right to challenge prospective jurors, either peremptorily or for cause. That right of challenge is seriously impaired by a juror's voir dire denial or nondisclosure of a relationship to an attorney in the case, or to a member of his firm or staff. See generally *Sanders v. Scarvey,* 284 Ala. 215, 224 So.2d 247 (1969); *Skiles v. Ryder Truck Lines, Inc.,* Fla.App., 267 So.2d 379 (1972) *cert. denied,* Fla.Supr., 275 So.2d 253 (1973); *State v. Allred,* 275 N.C. 554, 169 S.E.2d 833 (1969); Annot., 64 A.L.R.3d 126 (1975). Moreover, the offense to the system is aggravated when, as in the present case, the juror was aware of the relationship and his nondisclosure deliberate. Compare *Big Rock Stone & Material Co. v. Hoffman,* 233 Ark. 342, 344 S.W.2d 585 (1961).

Impartiality must be maintained, not only in the interest of fairness to the accused in the given case, but also to assure the integrity of the judicial process itself. Jury prejudice and bias, either actual or apparent, may not be allowed to derogate from society's confidence in its judicial system. Indeed, as was well stated nearly seven decades ago:

"Aside from protecting the rights of the parties, in the fair and impartial administration of justice, respect for the courts calls for their condemnation of any improper conduct, however slight, on the part of a juror, of a party, or of any other

person, calculated to influence the jury in returning a verdict. So delicate are the balances of weighing justice that what might seem trivial under some circumstances would turn the scales to its perversion. *Not only the evil, in such cases, but the appearances of evil, if possible, should be avoided.*" (Emphasis added) *George F. Craig & Co. v. Pierson,* 169 Ala. 548, 53 So. 803 (1910).

All are duty-bound to be on guard against any impropriety which might undermine confidence in our system of justice. Foremost in the performance of that duty are the Trial Judges; and this case is another example of the need for continued vigilance.

Reversed.