43 F.3d 472
 UNITED STATES of America, Plaintiff-Appellant,
v.
Ramon EDMOND, aka Looney; Calvin Springer, aka Cat, aka
Cardell Starr; Alondras Saunders, aka C-Nut, aka
Lon; and Joseph Dion Hill, aka J.D.,
Defendants-Appellees.
 No. 93-10543.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 14, 1994.
Decided Dec. 29, 1994.
 
 Joseph Douglas Wilson, U.S. Dept. of Justice, Washington, DC, for plaintiff-appellant.
 Mark B. Bailus and Catherine Ann Woolf, Cherry, Bailus & Kelesis, Daniel J. Albreghts, Theodore J. Manos, Manos & Associates, Lamond R. Mills, Las Vegas, NV, for defendants-appellees.
 Appeal from the United States District Court for the District of Nevada.
 Before: LEAVY and KLEINFELD, Circuit Judges, and VAN SICKLE,* District Judge.
 Opinion by Judge LEAVY; Concurrence by Judge VAN SICKLE.
 LEAVY, Circuit Judge:
 
 
 1
 The government appeals the district court's order granting a new trial based on juror misconduct. We have jurisdiction under 18 U.S.C. Sec. 3731, and we reverse.
 
 FACTS AND PRIOR PROCEEDINGS
 
 2
 Alondras Saunders, Ramon Edmond, Calvin Springer, and Joseph Dion Hill were charged with several counts stemming from an armed bank robbery. During voir dire, the court asked members of the venire, "Have you or any of your immediate family ever been the victim of a crime?" To this question, prospective juror Dennis Onofrio answered that his car had been stolen the prior Easter; that it had been recovered; and that the experience would not interfere with his ability to serve as a fair juror.
 
 
 3
 Onofrio became a member of the jury that convicted all the defendants of conspiracy to commit armed bank robbery, in violation of 18 U.S.C. Sec. 371; armed bank robbery, in violation of 18 U.S.C. Sec. 2113(a) and (d); and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. Sec. 924(c). Defendants Edmond, Springer, and Hill were also convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g)(1).
 
 
 4
 After the trial, the prosecution and one defendant's counsel invited the jury to discuss the case. The entire jury accepted. During this discussion, Onofrio mentioned that he had been a victim of an armed robbery twenty-six years earlier. The defendants moved for a new trial based on Onofrio's failure to disclose this information during voir dire. After a hearing at which Onofrio testified, the district court found that Onofrio had simply forgotten during voir dire about his prior experience as an armed robbery victim. However, the district court granted the defendants' motion for a new trial. The government timely appealed.
 
 ANALYSIS
 
 5
 A district court's order granting a new trial for juror misconduct is reviewed for abuse of discretion. See McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 556, 104 S.Ct. 845, 850, 78 L.Ed.2d 663 (1984); United States v. Aguon, 851 F.2d 1158, 1170 (9th Cir.1988) (en banc). "Generally, a district court abuses its discretion when it bases its decision on an erroneous view of the law or a clearly erroneous assessment of the facts." United States v. Rahm, 993 F.2d 1405, 1410 (9th Cir.1993).
 
 
 6
 [T]o obtain a new trial [because a prospective juror failed appropriately to answer a voir dire question], a party must first demonstrate that a juror failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause. The motives for concealing information may vary, but only those reasons that affect a juror's impartiality can truly be said to affect the fairness of a trial.
 
 
 7
 McDonough, 464 U.S. at 556, 104 S.Ct. at 850. The district court found that Onofrio's failure to disclose his experience as an armed robbery victim twenty-six years earlier met both parts of this test. The government argues that the district court abused its discretion in making each of these findings.
 
 
 8
 At the post-trial hearing Onofrio explained his failure to disclose during voir dire his experience as a robbery victim: "I just didn't think of it at the time." He also testified: "It never really entered my mind. Being that long ago, it's--and when I was asked in the beginning, it's--I didn't even think of it then."
 
 
 9
 The district court found that Onofrio was being truthful when he testified that he simply forgot about the armed robbery until the government's opening statement. The district court nevertheless concluded that Onofrio's response to the voir dire question "was incomplete and falls within the ambit of not being honest, not being completely truthful in response to the Court's inquiry."
 
 
 10
 The government argues that the district court abused its discretion when it concluded that Onofrio's incomplete answer was dishonest under McDonough. The government asserts that forgetfulness does not indicate lack of impartiality. We agree. The district court abused its discretion when it concluded that Onofrio's simple forgetfulness fell within the scope of dishonesty as defined by McDonough.[1]
 
 CONCLUSION
 
 11
 The district court's order is REVERSED.
 
 VAN SICKLE, District Judge, concurring:
 
 12
 I concur in Judge Leavy's well-reasoned opinion, which accurately reflects the rule of McDonough Power Equip. v. Greenwood, 464 U.S. 548, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984). I write separately to make the following observation, based on my experiences as a trial judge.
 
 
 13
 "Dishonesty" by a juror during voir dire can take subtle forms. While there may be occasions when a trial judge can say that a juror outright lied in response to voir dire questions, more often he will describe an act of dishonesty in gentler terms. Nothing in McDonough prohibits this practice, so long as the judge clearly indicates that the juror did not merely make an "honest mistake."
 
 
 14
 McDonough is a policy-driven decision, which balances the defendant's right to an impartial jury against society's interest in finality and judicial economy. By requiring a new trial to be based on deliberate juror misconduct, McDonough screens out an area of potential error that is impossible to control: simple forgetfulness or miscommunication during voir dire.
 
 
 15
 Of course, the prejudice to a defendant from a jury that is deliberately biased is not appreciably different than that from an inadvertently biased jury. Nonetheless, McDonough draws a clear line, in recognition of the fact that justice is not an exact science:
 
 
 16
 To invalidate the result of [a trial] because of a juror's mistaken, though honest, response to a question, is to insist on something closer to perfection than our judicial system can be expected to give.
 
 
 17
 464 U.S. at 555, 104 S.Ct. at 849.
 
 
 18
 While I understand District Judge Pro's concern regarding the voir dire responses of juror Onofrio, McDonough does not allow a new trial absent a finding of deliberate bias. Therefore, I must concur in the opinion of the court.
 
 
 
 *
 Honorable Fred Van Sickle, United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 [1]
 Because we conclude that the district court abused its discretion in concluding that Onofrio's forgetfulness was not honest, we do not reach the second branch of the McDonough test