133 F.3d 930
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ivan C. NAMIHAS, Defendant-Appellant.
 No. 96-50615.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 1, 1997.
Decided Dec. 19, 1997.
 
 Before BEEZER, THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I. OVERVIEW
 
 2
 Ivan C. Namihas appeals from the district court's denial of his motion for a new trial, motion for an evidentiary hearing, and motion for judgment of acquittal. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Dr. Namihas was convicted on fifteen counts of mail fraud in violation of 18 U.S.C. § 1341 for billing patients and their insurance companies for unnecessary procedures and laser surgeries. On the day before deliberations began, one of the jurors, Juror Mullins, discovered that Namihas's expert witness, Dr. Rettenmaier, had previously treated Juror Mullins's wife. Juror Mullins disclosed to several members of the jury that he had just discovered that Dr. Rettenmaier had misdiagnosed his wife with cancer and performed an unnecessary hysterectomy. The jury immediately notified the judge and Juror Mullins was excused. The district court admonished the jury to disregard Juror Mullins's statements and they continued deliberations.
 
 II. DISCUSSION
 A. Motion for a New Trial
 
 4
 Namihas argues that the district court erred in denying his motion for a new trial based upon the introduction of extrinsic information to the jury and Juror Mullins's bias.
 
 
 5
 The denial of a motion for a new trial predicated on alleged juror misconduct is reviewed for an abuse of discretion. United States v. George, 56 F.3d 1078, 1083 (9th Cir.), cert. denied, 116 S.Ct. 351 (1995).
 
 1. Reasonable Possibility
 
 6
 When a juror is exposed to extrinsic information, a new trial is warranted if there is a "reasonable possibility that the information could have affected the verdict." Dickson v. Sullivan, 849 F.2d 403, 405 (9th Cir.1988) (quoting United States v. Vasquez, 597 F.2d 192, 193 (9th, Cir.1979)); see also United States v. Navarro-Garcia, 926 F.2d 818 (9th Cir.1991). The ultimate question is whether it can be shown beyond a reasonable doubt that the extrinsic evidence did not affect the verdict. United States v. Bagley, 641 F.2d 1235, 1241 (9th Cir.1981); see also Bayramoglu v. Estelle, 806 F.2d 880, 887 (9th Cir.1986).
 
 
 7
 Juror Mullins's statements to the jury were brief. Several jurors told him to stop talking and the jury immediately informed the court. There is no evidence that the jury considered or discussed Juror Mullins's statements during their deliberations.
 
 
 8
 The jury's conduct and the evidence at trial support the view that the extrinsic information did not affect the verdict. See United States v. Galindo, 9Z3 F.2d 777, 779 (9th Cir.1990). The jury deliberated for six hours before reaching a verdict. The jury sent two notes to the judge which demonstrated that they were carefully considering the evidence.
 
 
 9
 In addition, the government presented a strong case against, Namihas. All nine victims testified about Namihas's false statements to them. The government's expert testified that Dr. Namihas had misdiagnosed all nine patients. Finally, on cross-Examination, Dr. Rettenmaier conceded that it was incorrect to tell the victims that they had cancer and AIDS. He testified he would not have performed laser surgery on the victims. See United States v. Bagnariol, 665 F.2d 877, 889 (9th Cir.1981) (If the evidence at trial is strong and substantiates the defendant's guilt, it demonstrates that the extrinsic information probably did not affect the verdict.).
 
 
 10
 The district court gave the jurors a strong admonition to disregard Juror Mullins's statements "absolutely and completely." She further stated that it is "totally improper to have it in your minds in your deliberations in any way whatsoever." All of the jurors stated they could follow the admonition.
 
 
 11
 A trial judge's clear and careful instruction to the jury to consider only the evidence produced at trial might alone justify affirmance. Bagnariol, 655 F.2d at 889. "A timely instruction from the judge usually cures the prejudicial impact of evidence unless it is highly prejudicial or the instruction is clearly inadequate." Bayramoglu, 806 F.2d at 888 (quoting United States v. Berry, 627 F.2d 193, 198 (9th Cir.1980)).
 
 
 12
 The district court's curative instruction ameliorated any prejudice. Given the issues and evidence in the case, there is no reasonable possibility that Juror Mullins's statements affected the verdict. See Jeffries v. Wood, 114 F.3d 1484, 1491-92 (9th Cir.), cert. denied, 1997 WL 473909, 66 U.S.L.W. 3381 (U.S. Dec. 1 1997) (No. 97-289).
 
 
 13
 The district court did not abuse its discretion in denying Namihas's motion for a new trial.
 
 B. Evidentiary Hearing
 
 14
 A district court's denial of a motion for an evidentiary hearing, is reviewed for an abuse of discretion. United States v. Old Chief, 121 F.3d 448, 451 (9th Cir.1997); United States v. Navarro-Garcia, 926 F.2d 818 (9th Cir.1991).
 
 
 15
 "An evidentiary hearing is not mandated every time there is an allegation of jury misconduct or bias." United States v. Angulo, 4 F.3d 843, 847 (9th Cir.1993); United States v. Langford, 802 F.2d 1176, 1180 (9th Cir.1986). But see Navarro-Garcia, 926 F.2d at 822 ("Unless the court is able to determine without a hearing that the allegations are without credibility or that the allegations if true would not warrant a new trial, an evidentiary hearing must be held.")
 
 
 16
 The district court was able to determine the nature of the extraneous information without an evidentiary hearing. The district court questioned Juror Mullins about what he revealed to the jury. From his responses the court was fully informed of what information had reached the jury. An evidentiary hearing would not have revealed any additional information about Juror Mullins's statements to the jury. The district court did not abuse its discretion in denying the motion for an evidentiary hearing.
 
 C. Juror Bias
 
 17
 Dr. Namihas argues that he is entitled to a new trial because Juror Mullins failed to disclose during voir dire that his wife had a hysterectomy for suspect reasons.
 
 
 18
 In order to obtain a new trial based on juror nondisclosure of information during voir dire, "a party must first demonstrate that a juror failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause" McDonough Power Equipment, Inc. v. Greenwood, 464 U.S. 548, 556 (1984); see also United States v. Edmond, 43 F.3d 472, 473 (9th Cir.1994).
 
 
 19
 We have reviewed the record, and conclude Juror Mullins was not asked any question during void dire that he failed to answer honestly.
 
 
 20
 During voir dire, the district court asked the jury panel to raise their hands if they had heard of the doctors who might testify in the case, including Dr. Rettenmaier. Juror Mullins answered the question by not raising his hand. He answered this question honestly, because he did not know his wife had been treated by Dr. Rettenmaier until she was admitted to the hospital the day before deliberations began.
 
 
 21
 The district court did not abuse its discretion in denying Namihas's motion for a new trail based upon Juror Mullins's responses to questions on void dire,
 
 D. Motion for Judgment of Acquittal
 
 22
 When reviewing a challenge to the sufficiency of the evidence, we must review the evidence presented at trial against the defendant in the light most favorable to the government to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Jones, 84 F.3d 1206, 1210 (9th Cir.), cert. denied, 117 S.Ct. 405 (1996). "The reviewing court must respect the exclusive province of the fact finder to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts." United States v. Hubbard, 96 F.3d 1223, 1226 (9th Cir.1796) (citing United States v. Goode, 814 F.2d 1353, 1355 (9th Cir.1987)).
 
 1. Mail from Victims
 
 23
 Namihas argues that he could not be held criminally responsible for correspondence placed in the mail by the victims' insurance companies or the victims themselves.
 
 
 24
 Correspondence mailed by victims to the defrauder can be mailings in execution of the fraud. United States v. Brutzman, 731 F.2d 1449, 1454 (9th Cir.1984); see also Pereira v. United States, 347 U.S. 1, 8 (1954) (It is not necessary to show that the defendant actually mailed anything himself; it is sufficient if he caused something to be mailed.).
 
 
 25
 Namihas sent bills to the nine patients or their insurance companies and it was foreseeable, and in fact his objective, that the victims would use the mails to send him payment for his fraudulent services.
 
 
 26
 The evidence was sufficient to establish use of the mails as part of a scheme to defraud. The district court did not err in denying Namihas's motion for acquittal on counts 1, 5, 9, 11, 12, and 13. PH1H 2. Mail to Victims
 
 
 27
 Namihas argues that there was insufficient evidence to convict him for the bills that he sent to the victims' insurance companies and to two victims, Staci Crumpler and Barbara Smith.
 
 
 28
 Namihas contends that the government failed to prove that he had the specific intent to defraud the victims. A specific intent to use the mails is not necessary to prove a substantive charge of mail fraud. Hubbard, 96 F.3d at 1229; Pereira, 347 U.S. at 8-9. Intent is established by the existence of a scheme which was calculated to deceive persons of ordinary prudence. United States v. Plache, 913 F.2d 1375, 1381 (9th Cir.1990). "Where one does an act with knowledge that the use of mails will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended, then he 'causes' the mails to be used." Pereira, 347 U.S. at 8-9.
 
 
 29
 The government presented evidence that Namihas sent bills to patients as part of a scheme to obtain payment for unnecessary medical services. The fact that Namihas's bills accurately reflected the costs of the unnecessary services does not change the fraudulent nature of the bills. Even "innocent" mailings that contain no false information may supply the mailing element necessary to prove mail fraud. Parr v. United States, 363 U.S. 370, 390 (1960); see also United States v. Joetzki, 952 F.2d 1090 (9th Cir.1991).
 
 
 30
 Reviewing the evidence in the light most favorable to the government, we conclude a rational jury could have found all the essential elements of mail fraud beyond a reasonable doubt. Therefore, Namihas was not entitled to a judgment of acquittal on counts 2, 3, 4, 7, 8, 10, and 14.
 
 
 31
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3