UNITED STATES of America, Plaintiff–Appellee,

v.

Mace Adam MARKHAM, Defendant–Appellant.

No. 01–50177.

D.C. No. CR–00–02095–BTM.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 5, 2002.[1]

Decided Feb. 11, 2002.

Before PREGERSON, RYMER, and T.G. NELSON, Circuit Judges.

1. This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM[2]

Appellant–Defendant Mace Adam Markham appeals his jury conviction and sentence for importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960, and possession of marijuana with intent to distribute, in violation of 21 U.S.C § 841(a)(1). Markham claims that his Fifth Amendment rights were violated because he did not receive *Miranda* warnings before he made several statements which were used against him. He also claims that his conviction should be vacated because he was tried by a biased jury. Because the admission of Markham's statements were either harmless error or not the result of custodial interrogation, and because his jury was not biased, we affirm the district court.

Markham was entitled to *Miranda* warnings if, when he made the statements at issue, he was in custody and being subjected to police interrogation. *See Miranda v. Arizona*, 384 U.S. 436, 477–78, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

■ The record is clear that Markham's statement: "If there is anything in my car you must have put it there" was not made in response to any interrogation, or any other words uttered, by Inspector Darrell Watson. Inspector Watson was conducting a routine patdown of Markham when Markham made the above statement. As the statement was not made in response to any interrogation, no *Miranda* violation occurred.

■ After Inspector Watson informed Markham that marijuana had been found in his truck, Markham stated: "I feel sick." Inspector Watson's statement did not constitute interrogation in the circumstances of this case. Markham, however, argues that Inspector Watson's statement was intended to elicit an incriminatory response from Markham, and therefore Inspector Watson's statement was the "functional equivalent" of "express questioning." *See Rhode Island v. Innis*, 446 U.S. 291, 301, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980) (*Miranda* safeguards are required "whenever a person in custody is subjected to either express questioning or its functional equivalent"). It is arguable that Inspector Watson should have known that his statement could lead Markham to make an incriminating response. *Id.* at 301–02 ("incriminating response" is any response that the prosecution may seek to use at trial). But Markham recognizes that his statement "was not particularly incriminating." Therefore, even if a *Miranda* violation occurred, it was a harmless error. *See United States v. Soliz*, 129 F.3d 499, 504 n. 4 (9th Cir.1997) overruled on other grounds by *United States v. Johnson*, 256 F.3d 895 (9th Cir.2001).

■ As Agent Wilmarth was walking towards the holding cells containing Markham and his brother, Eric Markham, Agent Wilmarth heard Eric moaning and groaning. Agent Wilmarth then heard Eric ask for help and to be let out of his holding cell. Next, Agent Wilmarth heard Markham state: "Help my brother, he doesn't know anything about this." Neither Agent Wilmarth nor any other agent had been interrogating Markham at this point. Moreover, neither Agent Wilmarth nor any other agent made any statements at this time. Markham's statement was spontaneous and therefore did not violate *Miranda*. *See Oregon v. Elstad*, 470 U.S. 298, 312–314, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985).

■ Markham claims that Juror William Wood was biased and that therefore Markham did not get a fair trial. For

---

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Markham to receive a new trial because of Juror Wood's alleged bias, Markham would need to show that: (1) Juror Wood "failed to answer honestly a material question on *voir dire*"; and (2) "a correct response would have provided a valid basis for a challenge for cause." *McDonough Power Equipment, Inc., v. Greenwood,* 464 U.S. 548, 556, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984). However, "simple forgetfulness" does not fall "within the scope of dishonesty as defined by *McDonough.*" *United States v. Edmond,* 43 F.3d 472, 474 (9th Cir.1994).

Juror Wood did not answer any material *voir dire* question dishonestly, rather he simply forgot a fact and brought it to the attention of the court once he remembered it. This does not constitute bias.

For the foregoing reasons, the decision of the district court is AFFIRMED.