# THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,        )
                           )
      v.                   )       ID No.     1911015492
                           )
JAMIL T. BIDDLE          )
                           )
    Defendant.        )

## ORDER

On this 10th day of January, 2022, upon consideration of Defendant, Jamil Biddle's ("Defendant") Motion for a New Trial ("Motion"),[1] and the State's Response, it appears that:

1. Following a trial from November 15, 2021 to November 18, 2021, a jury found Defendant guilty of Robbery First Degree, Possession of a Firearm During the Commission of a Felony, and Conspiracy Second Degree.[2]

2. During trial, Juror #1 communicated to the Court that she had recognized Defendant's alibi witness and that she believed the person, identified as Defendant in the surveillance video, was a professional client of hers. After conferring with counsel, the Court dismissed Juror #1.[3] Defendant asked the Court to allow Juror #1 to remain on the panel, but was denied.

---

[1] D.I. 49.

[2] *Id.*

[3] Prior to dismissing Juror #1, the Court inquired of and confirmed with her that she had not communicated her opinion to any of the other jurors. In addition, the Court brought the

3. Pursuant to Superior Court Criminal Rule 33, the Court may grant a new trial to the defendant if it is required in the interest of justice.[4]

4. On November 24, 2021, Defendant filed this Motion. Defendant argues that Juror #1 would have "clearly supported the acquittal of Mr. Biddle" and this fact "did not require her dismissal from the jury." Defendant further argues that Juror #1 should have been asked if she could fairly and impartially decide the case. Instead, she was dismissed.

5. An accused has a fundamental right to a fair and an impartial jury.[5] When a juror's potential bias is discovered during trial, courts are necessarily concerned that the juror's bias "will taint the jury's verdict and that the appearance of bias will undermine public confidence in the verdict."[6] Jury prejudice and bias "may not be allowed to derogate from society's confidence in its judicial system."[7]

6. Juror conduct that is presumptively prejudicial includes when jurors are made aware of information, not introduced at trial, that relates to the facts of the case or the character of the defendant.[8]

---

remaining jurors back into the courtroom and confirmed that they had not discussed the details of the case with anyone else, including fellow jurors, since trial was still ongoing.
[4] Super. Ct. Crim. R. 33.
[5] *Flonnery v. State*, 778 A.2d 1044, 1051-52 (Del. 2001).
[6] *Caldwell v. State*, 780 A.2d 1037, 1058 (Del. 2001).
[7] *Jackson v. State*, 374 A.2d 1, 2 (Del. 1977).
[8] *State v. Redden*, 2010 WL 893685 at *1 (Del. Super. Ct. Jan. 12, 2010) (TABLE).

7. It is the trial judge who is best situated to determine competency for jurors to serve impartially.[9]

8. When Juror #1 came forward with information, it was clear she was no longer impartial to the facts of the case. The Court excused Juror #1 to preserve Defendant's right to a fair and impartial jury.

9. Moreover, it is apparent that Defendant did not file the Motion in the interest of juror impartiality, or perceived prejudice, but rather, because he believes Juror #1 would have found him not guilty. To argue in favor of juror bias, rather than against it, is not in the interest of justice.

10. For the foregoing reasons, Defendant's Motion for a New Trial is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sheldon K. Rennie
Sheldon K. Rennie, Judge

Original to Prothonotary

Cc:   Jillian Schroeder, Esquire, DAG at Department of Justice
      William J. Rhodunda, Jr., Esquire

---

[9] *Hughes v. State*, 490 A.2d 1034, 1043 (Del. 1985) (quoting *Patton v. Yount*, 467 U.S. 1025, 1039 (1984)).

3