**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Hortensia NAVARRO–GARCIA,
Defendant–Appellant.**

No. 89–50023.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 1990.

Decided Feb. 7, 1991.

Gerald E. Utti, Encinitas, Cal., for defendant-appellant.

Shane P. Harrigan, Asst. U.S. Atty., argued; Nancy L. Worthington, Senior Appellate Litigation Counsel, on the brief; San Diego, Cal., for plaintiff-appellee.

Before NELSON and REINHARDT, Circuit Judges, and TANNER,* District Judge.

REINHARDT, Circuit Judge:

A jury convicted Hortensia Navarro–Garcia of offenses in connection with the importation of marijuana. Navarro–Garcia moved for an evidentiary hearing and a new trial on the ground that the jury had improperly considered extrinsic evidence; she attached to the motion an affidavit from her attorney stating that following the return of the verdict the jury foreman had informed defense counsel that an unidentified juror had conducted an experiment while the jury was in recess for the weekend. The purpose of this experiment was allegedly to determine whether weight in the trunk of her car would have imparted knowledge to Navarro–Garcia of the presence of marijuana. The jury foreman also reported that he had told the jury of his own experience with weight in the back of his car. The district court denied the motion. We reverse the denial and remand for an evidentiary hearing on the questions whether any juror considered extrinsic evidence and, if so, the nature of that evidence.

I.

At 3:00 a.m. on December 19, 1987, Navarro–Garcia and her passenger, America Ruiz–Payan, approached the border at San Ysidro from the Mexican side. Navarro–Garcia was driving a 1985 Mercury Grand Marquis automobile. The Customs inspector asked her what her citizenship was, what she was bringing from Mexico, and who owned the car. Navarro–Garcia presented a resident alien card, said that she and Ruiz–Payan had been dancing in Tijuana, and stated that the car was hers. At the request of the Customs inspector, Navarro–Garcia opened the trunk of the car, revealing packages that contained approximately 344 pounds of marijuana. She denied knowledge of the presence of the contraband, and stated that someone must have put the packages in the trunk while the car was parked at a dance club in Mexico.

Navarro–Garcia and Ruiz–Payan were charged as follows: (1) conspiring to import marijuana in violation of 21 U.S.C. §§ 952, 960, 963; (2) knowingly and intentionally importing approximately 344 pounds of marijuana in violation of 21 U.S.C. §§ 952, 960 and 18 U.S.C. § 2; (3) conspiring to knowingly and intentionally possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 846; and (4) knowingly and intentionally possessing with intent to distribute approximately 344 pounds of marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The charges against Ruiz–Payan were subsequently dropped pursuant to Fed.R. Crim.P. 29(a) because of insufficient evidence of knowledge. Navarro–Garcia was tried before a jury. The jury deliberated for one hour on September 2, 1988, and then recessed over the Labor Day weekend until September 6, 1988. On that day, the jury found Navarro–Garcia guilty on all four counts of the indictment.

Following the verdict, Navarro–Garcia moved for a new trial and requested that the district court hold an evidentiary hearing on the question of jury misconduct. Attached to the motion was an affidavit from her attorney relaying the contents of a conversation that he allegedly had with the jury foreman after the verdict was reached. According to the affidavit, the jury foreman reported that an unidentified juror had conducted an experiment during the Labor Day weekend in which she had placed approximately three hundred pounds in the trunk of her car and then driven the car to determine whether the added weight would have a noticeable effect. The foreman stated that the juror discussed the experiment with the rest of the jury when deliberations resumed on September 6. The foreman added that he had discussed with the jury the fact that

---

* The Honorable Jack E. Tanner, U.S. District Judge for the Western District of Washington at Tacoma, sitting by designation.

when his children sit in the backseat of his car, the bottom scrapes his driveway although normally it does not. He speculated to the jury that if the added weight were situated in the trunk rather than in the backseat, the effect would be even more pronounced.

The district court took Navarro–Garcia's motion under consideration. It sentenced her on counts two and four to imprisonment for five years and supervised release for four years, the two sentences to run concurrently. It also sentenced her on counts one and three to probation for five years, the two sentences to run concurrently but consecutively to the sentences on counts two and four. The district court also imposed a $200 fine. Subsequently, it denied the motion. Navarro–Garcia appeals that denial.

## II.

■■■ In conducting their deliberations, "[j]urors have a duty to consider only the evidence which is presented to them in open court." *Bayramoglu v. Estelle*, 806 F.2d 880, 887 (9th Cir.1986) (citing *Turner v. Louisiana*, 379 U.S. 466, 472–73, 85 S.Ct. 546, 549–50, 13 L.Ed.2d 424 (1965); *United States v. Bagnariol*, 665 F.2d 877, 884 (9th Cir.1981) (per curiam), *cert. denied*, 456 U.S. 962, 102 S.Ct. 2040, 72 L.Ed.2d 487 (1982)). Evidence not presented at trial, acquired through out-of-court experiments or otherwise, is deemed "extrinsic." *See Marino v. Vasquez*, 812 F.2d 499, 504 (9th Cir.1987); *cf. United States v. Brewer*, 783 F.2d 841, 843 (9th Cir.) (magnifying glass, which was not admitted into evidence but which the jurors used to examine photographic evidence, was not "extrinsic evidence" because no one asserted that the jurors understood the magnifying glass itself to have any bearing on the case), *cert. denied*, 479 U.S. 831, 107 S.Ct. 118, 93 L.Ed.2d 64 (1986). When extrinsic evidence is presented to a jury that is considering a criminal case, the defendant is entitled to a new trial "if there exist[s] a reasonable

possibility that the extrinsic material could have affected the verdict." *United States v. Vasquez*, 597 F.2d 192, 193 (9th Cir. 1979); *see also United States v. Brodie*, 858 F.2d 492, 495 (9th Cir.1988). Such a possibility exists if the extrinsic evidence may have affected the reasoning of even one juror. *United States v. Vasquez*, 597 F.2d at 194; *U.S. v. Hendrix*, 549 F.2d 1225 at 1227 (9th Cir.1977). "The 'reasonable possibility' test of *[United States v.] Vasquez* is equivalent in severity to the harmless error rule applicable to constitutional errors under *Chapman [v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)]." *Gibson v. Clanon*, 633 F.2d 851, 853 (9th Cir.1980), *cert. denied* 450 U.S. 1035, 101 S.Ct. 1749, 68 L.Ed.2d 231 (1981). Thus, the proper inquiry is whether the prosecution has shown beyond a reasonable doubt that the extrinsic evidence did not affect the verdict. *Chapman*, 386 U.S. at 24, 87 S.Ct. at 828; *see also Marino v. Vasquez*, 812 F.2d at 504.[1]

■■■ Although out-of-court experiments are plainly extrinsic evidence, which must be evaluated to determine whether there is a reasonable possibility that they could have affected the verdict, a juror's past personal experiences may be an appropriate part of the jury's deliberations. Inevitably, "[j]urors must rely on their past personal experiences when hearing a trial and deliberating on a verdict." *Hard v. Burlington No. RR*, 812 F.2d 482, 486 (9th Cir.1987). Indeed, "50% of the jurors' time [is] spent discussing personal experiences." Kessler, "The Social Psychology of Jury Deliberations," in *The Jury System in America* 69, 83 (R. Simon ed. 1975). Nevertheless, in some instances a juror's personal experiences may constitute extrinsic evidence. This is the case when a juror has personal knowledge regarding the parties or the issues involved in the litigation that might affect the verdict. *See Hard*, 812 F.2d at 486 (involving a juror who was allegedly a former employee of the defendant railroad, and who allegedly had per-

---

1. The rule is similar to the rule governing private communication, contact, or tampering with a juror during the course of a trial. *See Rem-* *mer v. United States*, 347 U.S. 227, 229, 74 S.Ct. 450, 451, 98 L.Ed. 654 (1954).

sonal knowledge of the railroad's settlement practices). It is also the case if the jury considers a juror's past personal experiences in the absence of any record evidence on a given fact, as personal experiences are relevant only for purposes of interpreting the record evidence. *United States v. Jones*, 580 F.2d 219, 222 (6th Cir.1978).[2]

■ We review for abuse of discretion the denial of a motion for an evidentiary hearing regarding allegations that a jury improperly considered extrinsic evidence. *See United States v. Hendrix*, 549 F.2d 1225, 1229 (9th Cir.), *cert. denied*, 434 U.S. 818, 98 S.Ct. 58, 54 L.Ed.2d 74 (1977). In exercising its discretion, the district court must be guided "by the content of the allegations, including the seriousness of the alleged misconduct or bias, and the credibility of the source." *Id.* at 1227–28; *see also Hard*, 812 F.2d at 485. Unless the court is able to determine without a hearing that the allegations are without credibility or that the allegations if true would not warrant a new trial, an evidentiary hearing must be held. *See Hard*, 812 F.2d at 486.

### III.

■ In denying Navarro–Garcia's motion for an evidentiary hearing, the district court misapprehended the applicable law. The court stated that an evidentiary hearing should not be granted "unless the defendant can show reliable and clear evidence of jury misconduct or, in the absence of such evidence, show that the possibility of prejudice is so great that prudence requires further inquiry. The defendant in this case has made neither showing." This ruling was erroneous. An evidentiary hearing must be granted unless the alleged misconduct could not have affected the verdict or the district court can determine

from the record before it that the allegations are without credibility. Here, Navarro–Garcia's allegations would warrant a new trial if true, and her attorney's affidavit was not without credibility. Therefore, the district court abused its discretion by not holding an evidentiary hearing. *See Hard*, 812 F.2d at 486.

The key issue in determining Navarro–Garcia's guilt or innocence was whether she had knowledge of the contraband. Navarro–Garcia did not take the stand, and no evidence was presented at trial regarding the effect on a 1985 Mercury Grand Marquis or any other car of weight in the trunk. The court instructed the jury: "Anything you may have seen or heard when court was not in session is not evidence. You will decide the case solely on the evidence received at the trial...." The defendant alleges that, despite the instruction, the jury considered extrinsic evidence directed at the question of knowledge. An experiment in which a juror places approximately three hundred pounds in the trunk of her car and then drives the car to ascertain whether it handles differently clearly constitutes extrinsic evidence. It is unclear from the record whether the jury foreman's experience regarding his car's scraping of his driveway while his children were in the backseat was a one-time occurrence over the Labor Day weekend—and possibly an experiment—or a regular event. This, too, needs to be addressed at the evidentiary hearing.

In determining whether extrinsic evidence could reasonably have affected the jury, we consider the following factors: "(1) whether the extrinsic material was actually received, and if so, how; (2) the length of time it was available to the jury; (3) the extent to which the jury discussed and considered it; (4) whether the extrinsic material was introduced before a verdict

---

2. *See Head v. Hargrave*, 105 U.S. 45, 49, 26 L.Ed. 1028 (1881):

> So far from laying aside their own general knowledge and ideas, the jury should have applied that knowledge and those ideas to the matters of fact in evidence in determining the weight to be given to the opinions expressed; and it was only in that way that they could arrive at a just conclusion. While they cannot act in any case upon particular facts material to its disposition resting in their private knowledge, but should be governed by the evidence adduced, they may, and to act intelligently they must, judge of the weight and force of that evidence by their own general knowledge of the subject of inquiry.

was reached, and if so, at what point in the deliberations it was introduced; and (5) any other matters which may bear on the issue of the reasonable possibility of whether the introduction of extrinsic material affected the verdict." *Bayramoglu v. Estelle*, 806 F.2d 880, 887 (9th Cir.1986). Of critical importance is whether the "misconduct relates directly to a material aspect of the case." *Marino v. Vasquez*, 812 F.2d at 506; *accord United States v. Bagnariol*, 665 F.2d 877, 885 (9th Cir.1981).

Here, all of these factors support a finding that—if believed—Navarro–Garcia's allegations are sufficient to warrant a new trial. Her attorney's affidavit states that an unidentified juror and the jury foreman both reported extrinsic evidence to the jury. The unidentified juror allegedly reported "when she arrived to resume deliberations on September 6th in the morning," and the jury foreman allegedly reported thereafter. Thus, the jury was aware of the extrinsic evidence throughout its deliberations, with the exception of the one hour when it deliberated before recessing for the Labor Day weekend. According to the affidavit, "the entire jury then discussed the question of the weight in the trunk and how that would or would not make the driver aware that something had transpired with the car if, as defendant Navarro–Garcia contended through other witnesses, a three hundred pound weight was placed in her trunk while she was inside a night club." This discussion allegedly occurred before the jury had reached a verdict. Most important, the extrinsic evidence involved the central disputed issue in the case. Resolution of the question of Navarro–Garcia's knowledge was a prerequisite to determining guilt or innocence. As stated previously, no evidence was presented at trial regarding the effect on the operation of her car of the added weight of the marijuana in the trunk.

■ The district court made no finding that the affidavit lacked credibility. Moreover, there is nothing in the record that would support such a conclusion. A statement from an attorney that a juror communicated something to him regarding the jury's deliberations may not be said to be without credibility simply because it constitutes hearsay. In the absence of some specific reason to doubt the credibility of the juror or the attorney relaying the juror's words, a juror's statement that the jury considered extrinsic evidence is sufficient to raise a question whether a new trial is warranted. *See Hard*, 812 F.2d at 485.

IV.

"The introduction of outside influences into the deliberative process of the jury is inimical to our system of justice." *United States v. Bagnariol*, 665 F.2d 877, 884 (9th Cir.1981) (citing *Remmer v. United States*, 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954)), *cert. denied*, 456 U.S. 962, 102 S.Ct. 2040, 72 L.Ed.2d 487 (1982). "The jury's consideration of extraneous information deprives defendants of the opportunity to conduct cross-examination, offer evidence in rebuttal, argue the significance of the information to the jury, or request a curative instruction." *Id.* at 884 n. 3.

We hold that the district court abused its discretion by failing to hold an evidentiary hearing on the allegations of juror misconduct. We remand so that such a hearing may now be held. The scope of the hearing should be limited to ascertaining whether the jury considered extrinsic evidence and, if so, the nature of that evidence. "A trial judge should not investigate the subjective effects of [extrinsic evidence] upon the jurors." *Id.* If the district court finds that the extrinsic evidence was placed before the jury and that there is a reasonable possibility that it could have affected the verdict, then Navarro–Garcia is entitled to a new trial as a matter of law. The panel will retain jurisdiction over any further appeals in this case.

REMANDED.