43 F.3d 1478
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael BUEING, Petitioner-Appellant,
v.
Arthur WALLENSTEIN, Director, King County Jail, Respondent-Appellee.
 No. 94-35400.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 14, 1994.
 
 Before: D.W. NELSON, HALL and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Washington state prisoner Michael Bueing appeals the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition challenging his conviction of unlawful possession of marijuana with intent to manufacture or deliver. Bueing contends that his rights to a fair trial and confrontation were violated when the jury engaged in out-of-court experiments to corroborate his testimony. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993), and affirm.
 
 
 3
 "In conducting their deliberations, jurors have a duty to consider only the evidence which is presented to them in open court." Bayramoglu v. Estelle, 806 F.2d 880, 887 (9th Cir.1986). "Evidence not presented at trial, acquired through out-of-court experiments is deemed extrinsic." United States v. Navarro-Garcia, 926 F.2d 818, 821 (9th Cir.1991). When extrinsic evidence is presented improperly to a jury that is considering a criminal case, the defendant is entitled to collateral relief if he can show that the evidence " 'had a substantial and injurious effect or influence in determining the jury's verdict.' " Jeffries v. Blodgett, 5 F.3d 1180, 1190 (9th Cir.1993), cert. denied, 114 S.Ct. 1294 (1994) (quoting Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993)).
 
 
 4
 A juror's testimony about the deliberative process or subjective effects of extraneous information cannot be considered by the trial or appellate courts. Fed.R.Evid. 606(b); United States v. Maree, 943 F.2d 196, 201 (9th Cir.1991); United States v. Bagnariol, 665 F.2d 877, 884-85 (9th Cir.1981), cert. denied, 456 U.S. 962 (1982). The reviewing court must apply an objective test in evaluating the potential impact of the evidence on the jury. Jeffries, 5 F.3d at 1191. The relevant inquiry, therefore, is whether there is a direct and rational connection between the extrinsic material and the prejudicial jury conclusion, and whether the misconduct relates directly to a material aspect of the case. Id. at 1190; Navarro-Garcia, 926 F.2d at 822-23; Dickson v. Sullivan, 849 F.2d 403, 406 (9th Cir.1988).
 
 
 5
 At Bueing's trial, the prosecution introduced a gram scale with Bueing's fingerprint and two plastic baggies of cultivated marijuana, which police found in a duffle bag bearing his name. Police discovered these items in a residence where they had seized several hundred growing marijuana plants, halide light bulbs, and other equipment used in a marijuana grow operation. Bueing denied any involvement in the grow operation, testifying that the items seized from his duffle bag were part of an uncompleted purchase of two ounces of marijuana. One of the occupants of the residence, however, testified that Bueing had a central role in operating the marijuana grow operation.
 
 
 6
 According to an affidavit filed by juror Renee Daniels, the jury used the scale admitted into evidence to weigh the two bags of marijuana in an attempt to corroborate Bueing's testimony that the marijuana was for his personal use. Because there was no testimony that the marijuana was in the same condition at trial as when it was seized, and because there was no testimony whether the scale was calibrated properly, the jury's experiment created extrinsic evidence. See Navarro-Garcia, 926 F.2d at 821; Bayramoglu, 806 F.2d at 887.
 
 
 7
 According to Daniels, the jury's calculation that Bueing's bag contained more than six ounces of marijuana effectively impeached his claim that he was planning to purchase the marijuana for his personal use. Thus, there was a direct and rational connection between the extrinsic evidence and the jury's conclusion that Bueing was involved in either manufacturing or distributing the marijuana. See Jeffries, 5 F.3d at 1190; Navarro-Garcia, 926 F.2d at 822-23; Dickson, 849 F.2d at 406. However, Bueing's claim that this extrinsic evidence violated his right to a fair trial and confrontation lacks merit.
 
 
 8
 First, Bueing's claim rests on juror Daniels' belief that the jury solely focused its deliberations on whether Bueing possessed the marijuana with the intent to distribute because "a number of the jurors" were not persuaded that he was involved in the growing operation. As a result, Bueing argues, the jury was forced to conclude that he had the intent to distribute the marijuana when the jury's experiment impeached his testimony. Because Daniels' statements describe both the jury's deliberative process and the subjective effects of this extrinsic evidence, Bueing cannot rely on this information to support his claim. See Fed.R.Evid. 606(b); Maree, 943 F.2d at 201; Bagnariol, 665 F.2d at 884-85.
 
 
 9
 Second, the trial court instructed the jury that Bueing could be convicted if the jury found that he possessed the marijuana either with the intent to manufacture or deliver, but it did not submit an interrogatory to allow a reviewing court to determine on which of the alternatives the jury based its decision. Thus, it is uncertain whether the jury found that Bueing was culpable as a manufacturer or a distributor of the marijuana. The extrinsic evidence arguably impeached Bueing's testimony, but the information the jury received by weighing the marijuana was not materially related to Bueing's guilt or innocence of the charge. See Jeffries, 5 F.3d at 1190; Navarro-Garcia, 926 F.2d at 822-23; Dickson, 849 F.2d at 406; Bagnariol, 665 F.2d at 884-85.
 
 
 10
 Moreover, there was sufficient evidence to support Bueing's guilty verdict. Police arrested Bueing at a residence where police had seized several hundred growing marijuana plants, halide light bulbs, and other equipment used in a marijuana grow operation. A duffle bag bearing Bueing's name was found at the residence, which contained a scale with his fingerprint and two bags of marijuana. During his arrest, police discovered that Bueing had in his possession $1,165 in cash, a newspaper ad relating to lights and fixtures for indoor plants and a handwritten list of items including bags of dirt and halide light ballasts. One of the occupants of the residence testified that Bueing paid the rent and the utilities in exchange for operating the grow operation.
 
 
 11
 Therefore, because the extrinsic evidence created by the jury did not relate directly to a material aspect of the case, and because sufficient evidence existed at trial to support his conviction, Bueing fails to show that the extrinsic evidence had a substantial and injurious effect or influence in determining the jury's verdict. See Brecht, 113 S.Ct. at 1722; Jeffries, 5 F.3d at 1190.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3