124 F.3d 213
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfredo GODINES, Defendant-Appellant.
 No. 96-10366.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 8, 1997.**
Filed September 12, 1997.
 
 Appeal from the United States District Court for the Northern District of California, D.C. No. CR-95-20065-RMW; Ronald M. Whyte, District Judge, Presiding.
 Before HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Alfredo Godines appeals his conviction and 210-month sentence following a jury trial for possession of methamphetamine with intent to distribute (21 U.S.C. § 841(a)(1)). Pursuant to Anders v. California, 386 U.S. 738 (1967), Godines's counsel filed a motion to withdraw as counsel of record and submitted a brief stating she finds no meritorious issues for review. The only issue counsel identifies is whether the district court abused its discretion by denying Godines's motion for new trial without conducting an evidentiary hearing to investigate allegations that a juror failed to honestly answer a voir dire question and introduced extrinsic evidence during jury deliberations. Godines has filed a supplemental pro se brief. We have jurisdiction under 28 U.S.C. § 1291. We grant counsel's request to withdraw and affirm the district court's judgment.
 
 
 3
 * Juror Misconduct
 
 
 4
 We review for abuse of discretion both the denial of a defendant's motion for a new trial based on juror misconduct, see United States v. George, 56 F.3d 1078, 1083 (9th Cir.1995), and the district court's refusal to conduct an evidentiary hearing when juror misconduct is alleged, see Hard v. Burlington N. R.R., 812 F.2d 482, 483 (9th Cir.1987). In determining whether juror misconduct allegations mandate an evidentiary hearing, the district court must consider: (1) the content of the allegations; (2) the seriousness of the alleged misconduct or bias; and (3) the credibility of the source. See Hard, 812 F.2d at 485.
 
 A. Failure to Respond During Voir Dire
 
 5
 Godines is entitled to a new trial if he "first demonstrate[s] that a juror failed to answer honestly a material question on voir dire, and then further show[s] that a correct response would have provided a valid basis for a challenge for cause." McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 556 (1984); United States v. Edmond, 43 F.3d 472, 473 (9th Cir.1994). In this case, prospective jurors were asked during voir dire: "Have any of you, or any members of your family or close friends, had any experience that relates to the use or possession of illegal drugs or narcotics?" Karen Rodriguez, a seated juror, did not respond to the question. In his motion for new trial, Godines alleged that during deliberations Rodriguez revealed that a former boyfriend had been involved in drug dealing activity.
 
 
 6
 The district court found that because there was no evidence to suggest that Rodriguez considered her former boyfriend a close friend, she had no reason to respond to the question as Godines alleged. Furthermore, nothing in any of Rodriguez's voir dire responses suggested that she might be biased against Godines. Accordingly, the district court did not abuse its discretion in denying Godines' motion without an evidentiary hearing. See George, 56 F.3d at 1083; Hard, 812 F.2d at 483, 485.
 
 B. Introduction of Extrinsic Evidence
 
 7
 A criminal defendant is entitled to a new trial when extrinsic evidence is admitted during jury deliberations "if there exist[s] a reasonable probability that the extrinsic material could have affected the verdict." United States v. Navarro-Garcia, 926 F.2d 818, 821 (9th Cir.1991). A juror's personal experiences "may be an appropriate part of the jury's deliberations" unless the juror has personal knowledge regarding the parties or issues involved in the litigation. See Navarro-Garcia, 926 F.2d at 821.
 
 
 8
 During deliberations, juror Rodriguez said that she knew how drug dealers operated and that Godines was an "organ grinder" and two women involved in the case were his "crank monkeys." The district court found that Rodriguez's comments regarding her personal experiences were not improper because there was no evidence that Rodriguez had any personal knowledge regarding the parties or issues involved in the litigation that might affect the verdict. Accordingly, the district court did not abuse its discretion denying Godines' motion for new trial without conducting an evidentiary hearing on this issue. See George, 56 F.3d at 1083; Hard, 812 F.2d at 483, 485.
 
 II
 Pro Se Supplemental Brief
 
 9
 In his pro se supplemental brief, Godines raises four issues. First, he contends that the district court erred in denying his motion to suppress because his roommate did not voluntarily consent to the search of his residence, and further contends that even if his roommate consented, she had no actual or apparent authority to do so. However, the evidence indicated that Godines's roommate did voluntarily consent to the search, and that she had actual authority to consent to the search of all common areas of the house. See United States v. Kim, 105 F.3d 1579, 1581 (9th Cir.1997).
 
 
 10
 Second, Godines contends that the evidence was insufficient to sustain his conviction. However, the jury could rationally conclude that Martinez had knowing possession of the methamphetamine and intended to distribute it solely from the evidence that he was the sole renter of the storage locker where a car containing twelve pounds of methamphetamine was found. See United States v. Davila-Escovedo, 36 F.3d 840, 843 (9th Cir.1994) (jury can infer possession and intent to distribute where defendant has sole possession of substantial amount of drugs). Viewed in the light most favorable to the prosecution, the evidence is sufficient to sustain Godines's conviction. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 11
 Third, Godines contends that the government violated Brady v. Maryland, 373 U.S. 83 (1963) by failing to produce the car containing the methamphetamine. However, because Godines fails to demonstrate that the car contained evidence favorable to him, there was no Brady violation. See id. at 87.
 
 
 12
 Godines finally contends that he received ineffective assistance of counsel. Because of the limitations of the record on direct appeal, this claim is more appropriately raised in a motion pursuant to 28 U.S.C. § 2255. See United States v. Pope, 841 F.2d 954, 958 (9th Cir.1988).
 
 
 13
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no issue for review. Accordingly, the motion of counsel to withdraw is GRANTED and the district court's judgment is AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3