145 F.3d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellant,
v.
Anthony FLOWERS; Dario Smith; Sheldon Jackson; Robert
Rutherford; Jerry Fiorrillo; Hermanek Robert,
Defendants-Appellees.
 No. 97-10320.
D.C. No. CR-94-00427-JLQ.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted January 15, 1998.
Decided May 14, 1998.
 
 Appeal from the United States District Court for the Northern District of California, Justin L. Quackenbush, Senior District Judge, Presiding.
 Before WIGGINS and TASHIMA, Circuit Judges and REA, District Judge.**
 MEMORANDUM*
 The United States appeals a district court order granting a new trial to defendants Anthony Flowers, Sheldon Johnson, Robert Rutherford, Jerry John Fiorillo, and Robert Hermanek following their convictions on various drug charges. The district court ordered the new trial on the ground of juror misconduct. We have jurisdiction under 18 U.S.C. § 3731, and we reverse.
 STANDARD OF REVIEW
 Ordinarily, we review a district court's decision to order a new trial for an abuse of discretion. See United States v. Alston, 974 F.2d 1206, 1212 (9th Cir.1992). In cases where jurors are exposed to extrinsic evidence, however, our review "is an independent one, and we must consider the entire record in determining whether the state has met its burden of demonstrating that extrinsic evidence did not contribute to the verdict." Dickson v. Sullivan, 849 F.2d 403, 405-06 (9th Cir.1988).
 DISCUSSION
 I. The "Lacy Killed White" Statement
 The proper standard in assessing whether jury exposure to extrinsic evidence requires a new trial is well-established: "A defendant is entitled to a new trial when the jury obtains or uses evidence that has not been introduced during trial if there is 'a reasonable possibility that the extrinsic material could have affected the verdict.' " Dickson v. Sullivan, 849 F.2d 403, 405 (9th Cir.1988) (quoting Marino v. Vasquez, 812 F.2d 499, 504 (9th Cir.1987)). The government has the burden of showing beyond a reasonable doubt that extrinsic evidence did not contribute to the verdict. See United States v. Navarro-Garcia, 926 F.2d 818, 821 (9th Cir.1991). This rule derives from "one of the most fundamental tenets of our justice system: that a defendant's conviction may be based only on the evidence presented during the trial." United States v. Noushfar, 78 F.3d 1442, 1445 (9th Cir.1996).
 
 
 1
 We have identified several factors that are relevant to determining whether the government has met its burden:
 
 
 2
 (1) whether the material was actually received, and if so, how;
 
 
 3
 (2) the length of time it was available to the jury;
 
 
 4
 (3) the extent to which the juror discussed and considered it;
 
 
 5
 (4) whether the material was introduced before a verdict was reached, and if so at what point in the deliberations; and
 
 
 6
 (5) any other matters which may bear on the issue of the reasonable possibility of whether the extrinsic material affected the verdict.
 
 
 7
 United States v. Hernandez-Escarsega, 886 F.2d 1560, 1580 (9th Cir.1989) (quoting Dickson, 849 F.2d at 406); see also Lawson v. Borg, 60 F.3d 608, 612 (9th Cir.1995).
 
 
 8
 We have consistently emphasized the importance of the nature of the extrinsic evidence in juror misconduct cases. Prejudice is usually found only when the extrinsic evidence relates to a material issue in the case. See, e.g., Rodriguez v. Marshall, 125 F.3d 739, 744 (9th Cir.1997) (recognizing in the habeas context that "[j]uror misconduct which warrants relief generally relates directly to a material aspect of the case"), petition for cert. filed, (U.S. Apr. 6, 1998) (No. 97-8822); Lawson, 60 F.3d at 612-13 (emphasizing that extrinsic evidence of defendant's reputation for violence related directly to material issue in the case, defendant's intent to rob); Hernandez-Escarsega, 886 F.2d at 1580 (noting that reversible error has been found where "the material considered by the jury relates to a material aspect of the case"); Dickson, 849 F.2d at 406-07 (stressing the importance of the nature of the extraneous information).
 
 
 9
 We think that the nature of the "Lacy killed White" statement is determinative in this case.[1] The statement does not relate to a material issue in the case and therefore should not be the basis for granting a new trial. See United States v. Bagnariol, 665 F.2d 877, 888 (9th Cir.1981) (reversal not required where no rational connection existed between the extrinsic material and a prejudicial jury conclusion). There is not a direct connection between the statement and the defendants or the charged offenses. First, Emanuel Lacy was not one of the defendants; neither was Apondo White. As a result, the "Lacy killed White" statement does not directly involve any of the defendants in this case. It is true that a connection to murder is potentially prejudicial, but in this case none of the defendants was implicated. Second, the defendants were not charged with crimes of violence--they faced drug charges. Thus, the "Lacy killed White" information is unlikely to have affected the jury's determination that the defendants were involved in unrelated, nonviolent drug transactions. See id. (refusing to find a material connection between the case and extrinsic evidence when it "would require an assumption that the jury members reached an irrational conclusion"). In short, the statement is immaterial to the issues involved in the case.
 
 
 10
 We are not persuaded that the statement was unduly prejudicial as a result of the government's allegation at trial that the Lacy and Flowers organizations were closely connected. We think it quite improbable that the jurors found it more likely that the defendants committed various drug offenses because the leader of an affiliated organization killed one of his own men. Moreover, we have previously recognized that extrinsic evidence connecting a defendant in a drug case to murder is not always unduly prejudicial, particularly because it is "not relevant to any issue in the case before the jury." Hernandez-Escarsega, 886 F.2d at 1580. In the case at hand, the extrinsic evidence is even less relevant because it only implicated associates of the defendants.
 
 
 11
 We conclude that the "Lacy killed White" statement is not relevant to a material issue in the case. See, e.g., Rodriguez, 125 F.3d at 744; Dickson, 849 F.2d at 407. The government satisfied its burden of showing harmlessness. Thus, remaining mindful that we accord "substantial weight" to the district court's conclusion as to the effect of the misconduct, see United States v. LaFleur, 971 F.2d 200, 206 (9th Cir.1991), we find that there is not a "reasonable possibility" that the "Lacy killed White" statement could have affected the verdict.
 
 II. The "Tough Guys" Statement
 
 12
 In addition to the factors listed above, our court has recently articulated several other factors relevant to determining whether the introduction of extrinsic evidence constitutes reversible error:
 
 
 13
 1. whether the prejudicial statement was ambiguously phrased;
 
 
 14
 2. whether the extraneous information was otherwise admissible or merely cumulative of other evidence adduced at trial;
 
 
 15
 3. whether a curative instruction was given or some other step taken to ameliorate the prejudice;
 
 4. the trial context;[2] and
 
 16
 5. whether the statement was insufficiently prejudicial given the issues and evidence in the case.
 
 
 17
 Jeffries v. Wood, 114 F.3d 1484, 1491-92 (9th Cir.1997) (en banc), cert. denied, --- U.S. ----, 118 S.Ct. 586, 139 L.Ed.2d 423 (1997). These factors confirm that there is not a "reasonable possibility" that the "tough guys" statement could have affected the verdict.
 
 
 18
 First, the statement was ambiguously phrased. Juror Youngblood did not state that the defendants were gang members or engaged in specific criminal activity. Rather, he called them "tough" or "bad," a description inferable from the evidence presented at trial. We think this statement is much more ambiguous than the extrinsic evidence at issue in Lawson v. Borg, 60 F.3d 608 (9th Cir.1995). In Lawson, a juror stated that he knew the defendant to be "very violent" because he had personally researched his background. See id. at 610 n. 2. Juror Youngblood did not convey such personal and specific information. See Thompson v. Borg, 74 F.3d 1571, 1576 (9th Cir.1996) (affirming finding of no prejudice in part because the juror's remark--"pleaded guilty at one time and changed it"--was "vague and awkwardly phrased"), cert. denied, --- U.S. ----, 117 S.Ct. 227, 136 L.Ed.2d 159 (1996).
 
 
 19
 Second, the "tough guys" statement was consistent with, and therefore cumulative of, other evidence presented at trial. Many of the wiretap calls placed in evidence by the government revealed that the defendants were, in fact, "tough guys." For example, Anthony Flowers is heard discussing assault weapons and describing how he had almost shot an Oakland police officer. In another call, Jerry Fiorillo tells Flowers that he should "slap that [expletive] punk" for failing to pay the agreed upon price for cocaine. In addition, the district court admitted several seized weapons into evidence. A juror could easily infer from this evidence that the defendants were "tough guys."
 
 
 20
 Third, the jurors' testimony at the evidentiary hearings indicated that any discussion of the "tough guys" statement was brief. The jurors denied discussing or considering it during deliberations. Moreover, juror Youngblood denied making the statement and maintained that he never had any extrajudicial information about the defendants.
 
 
 21
 Fourth, the government's evidence against the defendants was very strong. Given that evidence, we think it quite unlikely that the ambiguous and cumulative "tough guys" statement could have affected the verdict. Rather, the jury based its verdict on the compelling evidence presented at trial.
 
 
 22
 After applying the relevant factors, we are convinced that there is not a "reasonable possibility" that the "tough guys" statement could have affected the verdict. The statement was ambiguous, cumulative of other evidence, and insufficiently prejudicial given the prosecution's case. The government showed beyond a reasonable doubt that the statement did not contribute to the verdict. Consequently, it should not have been the basis for a new trial.
 
 CONCLUSION
 
 23
 We conclude that there is not a "reasonable possibility" that either extrinsic statement could have affected the verdict. Accordingly, we REVERSE the district court's grant of a new trial and REMAND for proceedings consistent with the foregoing.
 
 
 24
 REVERSED and REMANDED.
 
 
 
 **
 Hon. William J. Rea, United States District Judge for the Central District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We also note that the third factor listed above weighs against a finding of prejudice. Any discussion of this extrinsic evidence was brief and limited to two jurors. Both jurors denied engaging in a lengthy discussion about the information. None of the other jurors even heard the "Lacy killed White" statement
 
 
 [2]
 This factor includes consideration of the factors listed in section I, supra. See Jeffries v. Wood, 114 F.3d 1484, 1491-92 n. 10 (9th Cir.1997) (en banc), cert. denied, --- U.S. ----, 118 S.Ct. 586, 139 L.Ed.2d 423 (1997)