**Joseph James BOGLE, Petitioner—Appellant,**

v.

**George GALAZA, et al., Respondents—Appellees.**

No. 01–16377.

D.C. No. CV–99–01498–WBS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 13, 2002.

Decided March 21, 2002.

---

438

Before REINHARDT, NOONAN, and FERNANDEZ, Circuit Judges.

MEMORANDUM *

James Bogle was convicted under California state law of two counts of murder and one count of arson, with the special circumstance of the commission of multiple murders. He was sentenced to life in prison without the possibility of parole, and was denied relief by the state courts on direct review and on his state habeas petitions. He appeals the district court's denial of his federal habeas petition. We review under AEDPA, 28 U.S.C. § 2254.

■ Bogle first contends that the trial court erred in giving a felony murder instruction because there was insufficient evidence of a robbery, that is theft by force or fear. Under California law, as recently reiterated by this court, "when one kills another and takes substantial property

from the victim, it is ordinarily reasonable to presume the killing was for purposes of robbery." *People v. Turner,* 50 Cal.3d 668, 268 Cal.Rptr. 706, 789 P.2d 887, 895 (Cal.1990) (In Bank). *See Hernandez v. Small,* 282 F.3d 1132, 1144 (9th Cir.2002). There was evidence that Bogle committed the killings, and that he had stolen substantial property of the victims. Therefore, it was not error for the trial court to give the felony murder instruction.

■ Bogle next contends that the trial court erred in permitting the jury to consider the result of its attempt to insert a key into the lock of a safe, both items being in evidence before it. *See Turner v. Louisiana,* 379 U.S. 466, 473, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965); *U.S. v. Navarro-Garcia,* 926 F.2d 818, 821 (9th Cir.1991). We conclude that the jury's actions did not constitute an impermissible jury experiment or the consideration of extrinsic evidence, because a jury is permitted to examine all pieces of evidence carefully, *United States v. Rincon,* 28 F.3d 921, 926–27 (9th Cir.1994), and to reenact the crime using the evidence before it, *United States v. Avery,* 717 F.2d 1020, 1026 (6th Cir. 1983).

■ Finally, Bogle claims ineffective assistance of counsel on two grounds: first, that his counsel erred in not making the correct objection to the introduction of a manuscript authored by Bogle, and second, that counsel erred by not challenging the sufficiency of the evidence as to felony murder at the end of the government's case. Neither of these alleged errors shows that counsel's performance was objectively unreasonable and prejudicial under *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the objection that trial coun-

sel did make to the manuscript raised issues substantially similar to those that would have been raised by the objection that Bogle contends counsel should have made. Second, given that we have already concluded that there was sufficient evidence of felony murder, trial counsel's failure to challenge the sufficiency of the evidence on that point cannot constitute *Strickland* error.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.