**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**John DALTON, Defendant–Appellant.**

No. 00–10610.

D.C. No. CR 96–0276–1–SI.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 2002.

Decided May 13, 2002.

Before SCHROEDER, Chief Judge, B. FLETCHER, and KOZINSKI, Circuit Judges.

## MEMORANDUM*

John Dalton challenges the district court's decisions denying his motions to (1) dismiss the indictment; (2) grant a new trial, or, in the alternative, hold a *Remmer*[1] hearing; and (3) set aside his conviction on one count of operating a continuing criminal enterprise ("CCE"). Dalton also appeals the district court's imposition of an alternative sentence. We have jurisdiction under 28 U.S.C. § 1291. We reject Dalton's claims and affirm.

We recite here only those facts necessary to explain our decision.

## I. BACKGROUND

On October 10, 1996, a grand jury returned a twelve count superceding indictment charging Dalton with conducting a continuing criminal enterprise ("CCE"), multiple counts of conspiracy to manufacture marijuana, manufacturing marijuana, possessing with intent to manufacture marijuana, and witness tampering, in violation of 18 U.S.C. § 1512(b)(i), 21 U.S.C. §§ 841(a)(1), 846, and 848.[2]

Following an evidentiary hearing on Dalton's motion to dismiss the indictment and the government's motion to determine the admissibility of certain recordings, the district court excluded the bedroom recordings of conversations between Dalton and his then wife Horstman, and denied Dalton's motion to dismiss the indictment.

After a month-long jury trial, on September 21, 1999, Dalton was convicted on Counts One, Two, Three, Six, Eight, and Nine, *i.e.*, one count of operating a continuing criminal enterprise, two counts of manufacturing marijuana and possessing marijuana with the intent to manufacture it, and three counts of conspiring to manufacture and possess with intent to manufacture marijuana.

Dalton moved to set aside his CCE conviction on the ground that the CCE jury instruction was erroneous. Dalton also moved, separately, for a new trial, or in the alternative for a *Remmer* hearing, based upon allegations of "conduct influ-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

1. *Remmer v. United States*, 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954).

2. The superceding indictment charged as follows: *Count One*—Conducting a Continuing Criminal Enterprise, 21 U.S.C. § 848, from 1985 until 1994, including the charges alleged in Counts Two through Nine as well as Conspiracy to Manufacture Marijuana and Possession with Intent to Manufacture Marijuana in 1987, 1988, 1990, and 1995; *Count Two*—Conspiring to Manufacture Marijuana in 1994, 21 U.S.C. § 846; *Count Three*—Manufacturing and Possessing with the Intent to Manufacture Marijuana in 1994, 21 U.S.C. 841(a)(1) and 18 U.S.C. § 2; *Count Four*—Conspiring to Manufacture Marijuana in 1993, *see supra*; *Count Five*—Manufacturing and Possessing with Intent to Manufacture Marijuana in 1993, *see supra*; *Count Six*—Conspiring to Manufacture Marijuana in 1992, *see supra*; *Count Seven*—Manufacturing and Possessing with Intent to Manufacture Marijuana in 1992, *see supra*; *Count Eight*—Conspiring to Manufacture Marijuana in 1991, *see supra*; *Count Nine*—Manufacturing and Possessing with Intent to Manufacture Marijuana in 1991, *see supra*; *Count Eleven*—Witness Tampering, 18 U.S.C. § 1512(b)(i); *Count Twelve*—Witness Tampering, *see supra*.

encing the jury." The district court denied each of Dalton's motions.

On December 1, 2000, the district court sentenced Dalton to 324 months of imprisonment as to Count One (CCE) and 60 months as to the remaining counts, to run concurrently with the sentence on Count One and each other. In conformity with *United States v. Medina*, 940 F.2d 1247, 1253 (9th Cir.1991), the court imposed an "alternative sentence" to become effective in the event that the conviction on the CCE count was reversed on appeal.

Dalton appeals the Court's denial of each of his motions, as well as the district court's imposition of an alternative sentence, each of which we discuss *seriatim*.

## II. DISCUSSION

### A. *Motion to Dismiss*

■ We agree with the district court that DEA Agent Nelson engaged in outrageous conduct in this case. During the DEA's investigation of Dalton, after his then wife Horstman began cooperating with authorities, Agent Nelson brought Horstman to a DEA safe-house, in violation of DEA policy, and the two consumed alcohol together and engaged in amorous conduct.

Soon after the "kissing" incident, Agent Nelson asked Horstman to secretly record conversations between her and Dalton, then her husband, in their bedroom. She complied by placing a recording device behind their bed, and recordings were made. The government sought to introduce these recordings at trial, but the trial court suppressed them.

Dalton contends that the conduct of DEA Agent Nelson was so outrageous that the district court should have dismissed the indictment rather than simply suppressing the tapes of the bedroom conversations. We disagree.

■ Dalton points to no authority that supports his claim that the outrageous conduct here so tainted the investigation that it would be fundamentally unfair to proceed against him. "Outrageous government conduct is not a defense, but rather a claim that government conduct in securing an indictment was so shocking to due process values that the indictment must be dismissed." *United States v. Montoya*, 45 F.3d 1286, 1300 (9th Cir.1995) (citing *Hampton v. United States*, 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976)). Under the " 'extremely high standard' of this doctrine, an indictment should be dismissed 'only when the government's conduct is so grossly shocking and so outrageous as to violate the universal sense of justice.' " *Montoya*, 45 F.3d at 1300 (quoting *United States v. Garza–Juarez*, 992 F.2d 896, 903 (9th Cir.1993) (internal citations omitted)). The conduct at issue here simply does not rise to the level required for dismissal, *see, e.g., United States v. Simpson*, 813 F.2d 1462, 1465 (9th Cir. 1987) (no outrageous conduct where police informant carried on a five-month sexual relationship with defendant), and the district court appropriately imposed the more limited remedy of suppression, *United States v. Morrison*, 449 U.S. 361, 366, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981) (holding "[t]he remedy [for government misconduct] is limited to denying the prosecution the fruits of its transgression.").

### B. *Jury Instructions*

Dalton contends that his CCE conviction must be overturned due to an error in the jury instruction on that charge.

The jury instruction required the jury to agree unanimously on the three violations that constitute the continuing series of three or more violations committed over a definite period of time. The instruction

did not say that the violations must be in separate years. Dalton contends that is error.

■ Dalton's argument fails for two reasons. First, the conspiracy and the substantive offense underlying it each qualify as predicate offenses, which together may constitute a "series of acts" for purposes of § 848. *United States v. Hernandez–Escarsega*, 886 F.2d 1560, 1571 (9th Cir.1989), *cert. denied*, 497 U.S. 1003, 110 S.Ct. 3237, 111 L.Ed.2d 748 (1990). Second, the jury's verdict itself refutes Dalton's argument, insofar as the jury convicted him of a conspiracy and substantive count related to the 1994 grow, a conspiracy count related to the 1992 grow, and a conspiracy and substantive count related to the 1991 grow. The jury, therefore, *necessarily* found Dalton guilty of "offenses arising out of three separate grows in three separate years," *to wit*, 1991, 1992, and 1994. The CCE conviction is affirmed.

## C. *Motion for a New Trial*

Dalton argues that the district court erred in failing to grant him a new trial, or in the alternative to grant him a *Remmer* hearing. The basis for the motion was Dalton's claim that his attorney instructed Dalton's brother, Ted, to place newspaper articles discussing Dalton's case around the lunchroom where the jury would eat. Ted submitted an affidavit, and later an unsworn statement, asserting that the attorney told him to place the articles near jurors, and that he in fact did so. Though Dalton's attorney vehemently denies having acted in this manner, Dalton alleges that, on the basis of the statements submitted by him and his brother, the court was required to hold a *Remmer* hearing or grant him a new trial. We disagree.

An evidentiary hearing was not necessary where no credible evidence of jury tampering was presented to the court. *United States v. Jackson*, 209 F.3d 1103, 1110 (9th Cir.2000) (noting that district court was not required to hold a hearing where investigator's allegation of tampering was inherently incredible); *United States v. Angulo*, 4 F.3d 843, 847 (9th Cir.1993) (holding that "[a]n evidentiary hearing is not mandated *every* time there is an allegation of jury misconduct or bias"); *United States v. Navarro–Garcia*, 926 F.2d 818, 822 (9th Cir.1991) (though finding credible evidence to warrant a hearing in the case, noting that a hearing is not necessary when the court "can determine from the record before it that the allegations are without credibility").

■ Significant evidence existed calling into doubt the veracity of the statements made by Dalton's brother. Putting aside the fact that Dalton's brother is an interested party, the brother's "declaration" fails to provide dates for the events alleged, fails to identify the "other person" who distributed the articles with him, and fails to state which articles were left and where. Dalton's own claim that this event occurred on more than one occasion is itself contradicted by his brother's statement that it occurred only once. Lastly, his brother admitted to previous perjury on Dalton's behalf, as well as admitting to having committed other crimes. The district court found his testimony incredible. The finding was not clearly erroneous. The district court therefore did not abuse its discretion in denying Dalton's motion.

## D. *Imposition of the Alternative Sentence*

Dalton contends that the district court's articulation of an alternative sentence, to be imposed in the event that Dalton's CCE conviction were to be reversed on appeal, violated his constitutional right against double jeopardy insofar as it would not

take effect unless and until his CCE conviction were to be set aside. He argues that the alternative sentence imposed is anticipatory, having no force and effect until after double jeopardy attaches—a time at which the reassertion of the remaining convictions would violate that constitutional protection.

In *United States v. Medina*, 940 F.2d 1247, 1253 (9th Cir.1991), we discussed the dilemma district courts confront when faced with convictions on both CCE and lesser-included conspiracy counts. In such circumstances, the "most efficient course for the district court to follow is to impose a sentence on the CCE count and an alternative sentence on the lesser-included convictions"—one "conditioned upon an appellate reversal of the CCE count." *Medina*, 940 F.2d at 1253. Such an approach is efficient because, in the event a CCE conviction is reversed on appeal, "needless remand will be avoided." *Id.* In the case at bar, the district court followed *Medina*, imposing an alternative sentence of 108 months to take effect only upon appellate reversal of the CCE conviction.

### III. CONCLUSION

We affirm the decisions of the district court and deny Dalton's claims in their entirety.

**AFFIRMED**