Brian STINSON, Petitioner—Appellee,

v.

Diana BUTLER, Warden, Respondent— Appellant.

No. 02–56193.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 2003.

Decided June 25, 2003.

Before: PREGERSON, TASHIMA, and CLIFTON, Circuit Judges.

### MEMORANDUM *

Warden Diana Butler ("the State") appeals the District Court's conditional grant of defendant/petitioner Brian Stinson's 28 U.S.C. § 2254 habeas petition challenging his conviction for second degree murder. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we reverse.

Stinson filed his habeas petition in 1998; thus, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs our review. *Lindh v. Murphy,* 521 U.S. 320, 327, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Under the limited review provided by AEDPA, federal courts can grant habeas relief to state prisoners only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" [1] or "resulted in a decision that was based on an unreasonable determination of the facts in light of

the evidence presented in the state court proceedings." 28 U.S.C. § 2254(d). See *Williams v. Taylor,* 529 U.S. 362, 404–05, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

We must "[a]s a threshold matter ... first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court.'" *Lockyer v. Andrade,* — U.S. ——, 123 S.Ct. 1166, 1172, 155 L.Ed.2d 144 (2003) (quoting § 2254(d)(1)). Clearly established Federal law is "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Id.* Here, the clearly established Federal law – correctly cited by the District Court – was set forth by the Supreme Court in *Turner v. Louisiana,* 379 U.S. 466, 472–73, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965): a defendant's conviction must be based on the evidence presented during the trial.

The district court granted habeas relief, in part, because it concluded that a disputed item of "evidence" – viz, the "knife-butt theory" advanced by a juror who was an emergency room nurse – was extrinsic. We disagree. The "evidence" in question was not extrinsic, but was based on the juror's belief expressed during deliberations concerning what a photograph admitted into evidence of the victim's injured face actually showed with regard to whether a particular weapon was used by the defendant during the first of two fights. *See United States v. Navarro–Garcia,* 926 F.2d 818, 821–22 (9th Cir.1991). Whatever "problem" that may have arisen during jury deliberations could have been handled through voir dire focusing on the juror's

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. In determining whether a state court decision is contrary to or an unreasonable application of clearly established Federal law, this court examines the state's last reasoned decision—in this case, the unpublished opinion of the California Court of Appeal—as the basis of the state court's judgment. *See Ylst v. Nunnemaker,* 501 U.S. 797, 803–04, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

training and experience. *See Hard v. Burlington N. R.R. Co.,* 870 F.2d 1454, 1461 (9th Cir.1989). Therefore, habeas relief must be denied. Accordingly, we RE-VERSE the district court's conditional grant of habeas relief.

REVERSED.