Erik MARCELENO, Petitioner—
Appellant,

v.

Anthony LAMARQUE, Warden,
Respondent—Appellee.

No. 04–56377.

United States Court of Appeals,
Ninth Circuit.

Argued & Submitted Aug. 1, 2005.

Decided Aug. 15, 2005.

Before: CANBY, KOZINSKI, and
RAWLINSON, Circuit Judges.

MEMORANDUM *

Erik Marceleno appeals the district court's denial of his habeas petition brought pursuant to 28 U.S.C. § 2254. We are precluded from granting relief unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The state court did not determine facts unreasonably in ruling: (1) that Marceleno failed to establish that the juror's answers in his jury questionnaire or on voir dire

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

were false or concealed a bias, and (2) that the juror's statements during deliberations were not inconsistent with his previous representations. *See Dyer v. Calderon,* 151 F.3d 970, 973 (9th Cir.1998) (en banc) (stating standard to prevail on a juror bias claim). Nor were those rulings contrary to, or an unreasonable application of, Supreme Court precedent.

The state court also did not contravene or unreasonably apply Supreme Court precedent, or determine facts unreasonably, in holding that the juror's personal opinion or speculation concerning the gang members' probation status did not constitute misconduct or the impermissible introduction of extrinsic evidence into deliberations. *See United States v. Navarro–Garcia,* 926 F.2d 818, 821–22 (9th Cir.1991) (discussing what constitutes extrinsic evidence in jury deliberations).

AFFIRMED.

