**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Martin Henry VIGIL, Defendant–Appellant.**

**No. 06–50672.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 3, 2008.*

Filed June 6, 2008.

---

* The Honorable James L. Robart, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Becky S. Walker, Esq., USLA–Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, Joseph N. Akrotirianakis, Esq., USR–Office of the U.S. Attorney, Riverside, CA, for Plaintiff–Appellee.

James H. Locklin, Esq., FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: O'SCANNLAIN and TALLMAN, Circuit Judges, and SINGLETON **, Senior District Judge.

### MEMORANDUM ***

Our review of a claim that a jury was exposed to impermissible extrinsic evidence warranting a new trial involves two steps. First, we ask whether the particular materials that a juror brings into the jury room constitute extraneous materials. *Fields v. Brown,* 503 F.3d 755, 779 (9th Cir.2007) (en banc). Second, if extrinsic evidence was presented to the jury, the defendant is entitled to a new trial "if there [e]xists a reasonable possibility that the extrinsic material could have affected the verdict." *United States v. Navarro–Garcia,* 926 F.2d 818, 821 (9th Cir.1991) (quoting *United States v. Vasquez,* 597 F.2d 192, 193 (9th Cir.1979)). Because no extrinsic evidence was presented to the jury in the first instance, the district court correctly denied Martin Vigil's motion for a new trial.

Following trial, the government observed one of the jurors holding a transparency upon which a black cap and sunglass were drawn to the approximate scale of a photo exhibit of Vigil. Apparently, during deliberations, at least some jurors used the transparency to place over one or two of Vigil's photographs that had been admitted into evidence. Identity of the robber, who had attempted to disguise himself, was at issue in the case.

Based on our independent review of the entire record, *see United States v. Prime,* 431 F.3d 1147, 1157 (9th Cir.2005), we cannot conclude that a new trial is warranted. The use of the transparency plainly was in line with the government's closing argument. The government asserted that a comparison between bank lobby surveillance photographs that the district court admitted into evidence depicting the robber wearing sunglasses and a cap, and comparing his DMV photograph, also admitted into evidence, tended to demonstrate that Vigil was in fact the robber even apart from the eyewitness testimony positively identifying him as the perpetrator.

Thus, the jury, using information properly admitted as evidence, simply compared the photos as the government invited. We see this conduct as indistinguishable from using butcher paper to aid the jury in considering the evidence while it deliberates. Because the drawings on the transparency were based on record evidence, the jury was not exposed to extrinsic evidence. *See Navarro–Garcia,* 926 F.2d at 821 (defining extrinsic evidence as "[e]vidence not presented at trial, acquired through out-of-court experiments or otherwise"); *Dickson v. Sullivan,* 849 F.2d 403, 406 (9th Cir.1988) (holding that juror exposure to extrinsic evidence deprives the defendant's confrontation, cross-examination, and assistance of counsel rights

** The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

"[w]hen a jury is exposed to facts that have not been introduced into evidence"). The district court committed no error.

**AFFIRMED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.