NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50032 |
| Plaintiff-Appellee, | D.C. No. 3:20-cr-03445-LAB-1 |
| v. | |
| MANUEL VASQUEZ-PEREZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted July 21, 2023
Pasadena, California

Before: S.R. THOMAS, NGUYEN, and FORREST, Circuit Judges.

Manuel Vasquez-Perez appeals his conviction and sentence for illegal

reentry, 8 U.S.C. § 1326(a)–(b).  We have jurisdiction under 28 U.S.C. § 1291.

Reviewing de novo whether the jury's exposure to extrinsic evidence violated

Vasquez's Sixth Amendment rights, *see United States v. Saya*, 247 F.3d 929, 937

(9th Cir. 2001), we reverse and remand.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

When, during deliberations, the jury considers evidence that was not presented at trial, the defendant "has effectively lost the rights of confrontation, cross-examination, and the assistance of counsel" guaranteed by the Sixth Amendment. *Gibson v. Clanon*, 633 F.2d 851, 854 (9th Cir. 1980). In such circumstances, the defendant is entitled to a new trial unless the government "show[s] beyond a reasonable doubt that the extrinsic evidence did not affect the verdict." *United States v. Navarro-Garcia*, 926 F.2d 818, 821 (9th Cir. 1991).

Here, the district court violated Vasquez's Sixth Amendment rights by allowing the jury to view his neck tattoo for the first time during deliberations.[1] Unlike in *United States v. Rincon*, the court did not "limit the display to evidence presented at trial." 28 F.3d 921, 927 (9th Cir. 1994). In *Rincon*, the district court "properly" rejected the jury's request to see the defendant wearing sunglasses, which "were extrinsic evidence" because he had not worn them at trial. *Id.*

The government argues that the error was harmless beyond a reasonable doubt because the tattoo evidence was duplicative of other evidence proving

---

[1] We disagree with the government that the district court effectively "reopen[ed]" the proceedings "to admit new evidence." But even accepting that characterization for the sake of argument, the district court abused its discretion. *See Greenlaw v. United States*, 554 U.S. 237, 243 (2008) ("[W]e follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."); *see also United States v. Hernandez-Meza*, 720 F.3d 760, 765 (9th Cir. 2013) ("No competent prosecutor would be surprised . . . to find defense counsel poking holes in the government's case.").

Vasquez's identity. We disagree. The jury had reason to doubt the government's evidence. There were inconsistencies in the evidence about the clothing and appearance of the man who the government argued was Vasquez. That the jury specifically requested the extrinsic evidence and considered it for the final hour of its roughly 90-minute deliberations weighs in favor of finding prejudice. *See Dickson v. Sullivan*, 849 F.2d 403, 406 (9th Cir. 1988); *Gibson*, 633 F.2d at 855.

The government also suggests that any error was harmless because "the jury learned the . . . information in open court, subject to full judicial oversight," but that fact only increases the prejudice. Typically when jurors consider extrinsic evidence, they have been instructed not to do so; here, the court expressly sanctioned reliance on extrinsic evidence. *See Dickson*, 849 F.2d at 406 (considering "how" the jury receives the extrinsic evidence in determining prejudice); *cf. United States v. Bagley*, 641 F.2d 1235, 1241 (9th Cir. 1981) ("[Pre-verdict curative] instructions are generally deemed sufficient as curative of prejudicial impact."). Vasquez is entitled to a new trial.

Vasquez's remaining contentions lack merit. There is no evidence the district court acted with bias, the court did not plainly err by using jury instructions and a verdict form substantially similar to those in *United States v. Singh*, 532 F.3d 1053, 1062–63 (9th Cir. 2008), and Vasquez has not shown that the illegal reentry

statute violates equal protection, *see United States v. Carrillo-Lopez*, 68 F.4th 1133, 1142–54 (9th Cir. 2023).

**REVERSED and REMANDED.**