**Douglas Ray STANKEWITZ,**
**Petitioner—Appellant,**

v.

**Jeanne S. WOODFORD, Warden,**
**San Quentin State Prison,**
**Respondent—Appellee.**

No. 01–99022.
D.C. No. CV–91–00616–AWI.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2003.

Decided April 8, 2004.

Katherine Hart, Law Office of Katherine Hart, Fresno, CA, Nicholas C. Arguimbau, Fairfax, CA, for Petitioner–Appellant.

John Gerald McLean, Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before O'SCANNLAIN, FISHER and BYBEE, Circuit Judges.

---

## MEMORANDUM *

Because the facts of this case are set forth in our concurrently issued opinion, we do not repeat them here. We have jurisdiction under 28 U.S.C. §§ 1291, 2253(a). Upon careful consideration of the record and briefs filed by the parties, we affirm the conviction, reject several grounds for reversing the sentence and deny Stankewitz's requests to broaden his certificate of appealability. As discussed in greater detail in our opinion, we will review Stankewitz's claims under pre-AEDPA standards.

### I.

Stankewitz has not shown that Goodwin labored under an "actual conflict of interest" stemming from a previous representation of Stankewitz's brother, Johnnie Stankewitz. *Cuyler v. Sullivan,* 446 U.S. 335, 348, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). To support this claim, Stankewitz has submitted an affidavit from Goodwin referring to a previous representation of Johnnie Stankewitz and an affidavit from Stankewitz's sister asserting that Goodwin's previous representation of Johnnie Stankewitz concerned a traffic incident unrelated to any fact at issue in this case.

Stankewitz has submitted no evidence tending to show that any previous representation of his younger brother was substantially related to Stankewitz's case, that privileged information from Stankewitz's brother affected Goodwin's representation of Stankewitz or that Goodwin "otherwise divide[d] his loyalties." *Belmontes v. Woodford,* 350 F.3d 861, 885 (9th Cir.2003). Nor has Stankewitz alleged specific facts that, if true, would indicate that Goodwin's relationship to Johnnie Stankewitz influ-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 363.

enced Goodwin not to pursue a particular, viable litigation strategy. *See United States v. Rodrigues,* 347 F.3d 818, 823 (9th Cir.2003). Thus Stankewitz has not shown an actual conflict of interest and is not entitled to an evidentiary hearing on this issue.

## II.

■ We reject Stankewitz's claim that the state failed to disclose material evidence in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). For a *Brady* violation to occur, the state must suppress evidence. *See United States v. Si,* 343 F.3d 1116, 1122 (9th Cir. 2003). And "there is never a real '*Brady* violation' unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict." *Strickler v. Greene,* 527 U.S. 263, 281, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999).

Here, Goodwin possessed the information that the government allegedly failed to disclose, namely that Stankewitz's brother was in the car during the 1973 shootout. And the prosecutor mentioned, without any objection or expression of surprise by Goodwin, that Stankewitz's brother should have been ordered to be available as a witness in the penalty phase because of his involvement in the 1973 incident. Under these circumstances, we cannot say that the state suppressed material evidence. *See United States v. Abonce–Barrera,* 257 F.3d 959, 970 (9th Cir.2001); *United States v. Bracy,* 67 F.3d 1421, 1428–29 (9th Cir.1995).

## III.

■ The trial court did not abuse its discretion in formulating a supplemental instruction in response to the jury's question regarding whether a person sentenced to life without the possibility of parole could in fact be paroled. *See Si,* 343 F.3d at 1126. Even if the instruction were in error, such error was harmless. *See Beardslee v. Woodford,* 358 F.3d 560, 575 (9th Cir.2004). The trial court cautioned the jury not to consider the issue of what life without possibility of parole meant. The jury is presumed to follow the court's instructions in the absence of any proof that it did not, *Weeks v. Angelone,* 528 U.S. 225, 234, 120 S.Ct. 727, 145 L.Ed.2d 727 (2000), and Stankewitz has not established that the jury disregarded this instruction.

## IV.

■ Stankewitz contends that the jurors considered extrinsic evidence of the Stankewitz family's reputation for violence. "A defendant is entitled to a new trial when the jury obtains or uses evidence that has not been introduced during trial if there is a reasonable possibility that the extrinsic material could have affected the verdict." *United States v. Keating,* 147 F.3d 895, 900 (9th Cir.1998) (quoting *Dickson v. Sullivan,* 849 F.2d 403, 405 (9th Cir.1988) (quoting *Marino v. Vasquez,* 812 F.2d 499, 504 (9th Cir.1987))). Stankewitz alleges that at least two jurors were aware of his family's reputation for violence and has presented evidence that one juror discussed her knowledge with at least one other juror. He has failed, however, to allege specific facts suggesting that there is a reasonable possibility the Stankewitz family's reputation for dangerousness influenced the jury's decision to convict Stankewitz and sentence him to death. Consequently, his claim and request for an evidentiary hearing must be denied. *See United States v. Navarro–Garcia,* 926 F.2d 818, 822 (9th Cir.1991).

## V.

Stankewitz has sought an expanded certificate of appealability ("COA") on a num-

ber of claims. A COA may issue only upon the "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has rejected the constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). This determination "requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

## A.

Stankewitz asserts that he was not competent to stand trial. To be competent to stand trial, a defendant must demonstrate an ability "to consult with his lawyer with a reasonable degree of rational understanding" and a "rational as well as factual understanding of the proceedings against him." *Godinez v. Moran,* 509 U.S. 389, 396, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993) (quoting *Dusky v. United States,* 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960)). A defendant must present sufficient facts "to create a real and substantial doubt as to his competency, even if those facts were not presented to the trial court" in order to obtain an evidentiary hearing. *Deere v. Woodford,* 339 F.3d 1084, 1086 (9th Cir.2003).

■ In rejecting Stankewitz's claim on the merits and denying his request for an evidentiary hearing, the district court found that he had not presented evidence that he was incompetent to stand trial, looking to (1) his two attorneys' opinions that Stankewitz was incompetent, (2) expert testimony from 1978, (3) Stankewitz's refusal to be interviewed by the 1983 competency experts, (4) Stankewitz's history of mental illness and (5) Stankewitz's behavior at trial. The district court also considered some, but rejected other, conclusions of the experts Stankewitz retained for habeas purposes. Because reasonable jurists would not find the district court's assessment of this claim debatable or wrong, we decline to expand the COA. *Slack,* 529 U.S. at 484.

## B.

■ Stankewitz contends that Goodwin was ineffective in failing to investigate evidence that Stankewitz was incompetent to stand trial. Counsel has a duty to investigate a defendant's mental state if there is evidence to suggest that the defendant is impaired. *Douglas v. Woodford,* 316 F.3d 1079, 1085 (9th Cir.2003). If a defendant refuses psychological testing in the context of a capital murder trial, counsel must seek out alternative sources of information. *Id.* at 1086.

The district court denied the claim for failure to satisfy Strickland's prejudice prong because "the evidence available in 1983 fails to show a bona fide doubt as to Stankewitz's competence." A reasonable jurist would agree with this assessment, and therefore we decline to expand the COA to include this claim. *Slack,* 529 U.S. at 484.

## C.

■ Stankewitz asserts that Goodwin was ineffective for failing to investigate or pursue a defense based on diminished capacity due to Stankewitz's mental illness.

The district court did not directly address Stankewitz's broader claim of diminished capacity outside the context of his drug use. Nonetheless, a reasonable jurist could conclude that Stankewitz had not made a substantial showing of the denial of a constitutional right as Stankewitz has

failed to demonstrate that Goodwin in 1983 could have discovered any information that would have supported a diminished capacity defense under Cal. Pen.Code § 28 (1983). 28 U.S.C. § 2253(c)(2). We will not expand the COA to include this claim. *Slack*, 529 U.S. at 484

## D.

Relatedly, Stankewitz claims that Goodwin was ineffective for failing to investigate and pursue an insanity defense. There is some question as to the proper insanity test to apply in this case. *Compare* Cal.Penal Code § 25(b) (codifying the *M'Naghten* standard adopted by the House of Lords in *M'Naghten's Case*, 8 Eng. Rep. 718, 722–723 (1843)), *with People v. Drew*, 22 Cal.3d 333, 336, 149 Cal. Rptr. 275, 583 P.2d 1318 (1978) (adopting the American Law Institute standard, which remained in place until a voter initiative restored the *M'Naghten* standard in 1982). Because Stankewitz could not meet even the more lenient *Drew* standard, however, we need not resolve this unsettled question of state law.

■ The district court concluded that Goodwin's performance was not deficient for failing to raise the issue because there was no evidence that Stankewitz was insane at the time the crime was committed, and the record shows that Stankewitz was able to be governed by a moral code. Because a reasonable jurist would not find the district court's conclusion debatable or wrong, we deny this request to expand the COA. *Slack*, 529 U.S. at 484.

## E.

■ Stankewitz's next ineffective assistance of counsel claim is based on Goodwin's failure to move for change of venue. The district court concluded that the location of the trial had no bearing on the

fairness of the trial or was otherwise prejudicial or outcome-determinative. *See United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir.1994). A reasonable jurist would agree that the media attention did not establish a presumption of prejudice, *United States v. Sherwood*, 98 F.3d 402, 410 (9th Cir.1996), and there was no evidence of "actual partiality or hostility that could not be laid aside." *Harris v. Pulley*, 885 F.2d 1354, 1363 (9th Cir.1988). Thus we will not expand the COA to include this claim. *Slack*, 529 U.S. at 484.

## F.

■ Stankewitz alleges that he did not receive a fair trial because a juror lied about a material question on voir dire. To justify a new trial based on a claim of juror bias, a petitioner must show a dishonest answer was given on voir dire to a material question and then show that a correct response would have provided a valid basis for a challenge for cause. *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984). A voir dire question is material when the honest response would reflect bias, prejudice or partiality against a party. *See Coughlin v. Tailhook Ass'n*, 112 F.3d 1052, 1061 (9th Cir.1997).

The district court rejected this claim on the merits, noting that the juror's strong negative feelings about violence against women did not indicate any actual bias toward Stankewitz and that it was not the sort of extreme situation that would implicate implied bias. A reasonable jurist would agree. Therefore, this request to expand the COA is denied. *Slack*, 529 U.S. at 484.

## G.

Stankewitz asserts that the trial court provided an incorrect aiding-and-abetting instruction as a result of a *Beeman* error,

affecting the jury's deliberations regarding the robbery, murder and robbery-murder special circumstance. *See People v. Beeman,* 35 Cal.3d 547, 560–61, 199 Cal.Rptr. 60, 674 P.2d 1318 (1984) (requiring aiding-and-abetting instruction to state that the aider and abettor must act with "the intent or purpose of committing, encouraging, or facilitating the commission of the offense").

 The trial court's aiding-and-abetting instruction did not comply with the later-decided *Beeman,* but both the state court and district court concluded that the error could not have affected the verdict. The district court in particular relied on the jury's finding that Stankewitz had personally used a firearm in the commission of a robbery and a premeditated murder as implying a finding of the requisite intent. Because no reasonable jurist would find debatable whether the *Beeman* error was harmless, we will not expand the COA to include this claim. *Slack,* 529 U.S. at 484.

### H.

Finally, we deny without explicitly addressing those claims for which Stankewitz requests a COA that are duplicative of other claims for which a COA has already been granted or for which we now decline to expand the COA.[1] **AFFIRMED IN PART, REVERSED IN PART and REMANDED for further proceedings consistent with the separate opinion.**

---

1. In the opinion that accompanies this disposition, however, we address and deny Stankewitz's request for a COA on the issue of Goodwin's alleged conflict of interest between his duty to represent Stankewitz and his religious faith.